ORIGINAL

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    RODGER R. COLE (CSB NO. 178865)
     rcole@fenwick.com
2    KIMBERLY I. CULP (CSB NO. 238839)
     kculp@fenwick.com
3    FENWICK & WEST LLP
     Silicon Valley Center
4    801 California Street
     Mountain View, CA  94041
5    Telephone:    (650) 988-8500
     Facsimile:    (650) 938-5200
6
7    Attorneys for Defendant
     SYNGENTA BIOTECHNOLOGY, INC.

ADR

E-FILING

FILED

2008 MAY 30  P 4 22

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

8
9                    UNITED STATES DISTRICT COURT

                    NORTHERN DISTRICT OF CALIFORNIA

                         SAN JOSE DIVISION

12
13   GREG LeFEBVRE and DANISCO US
     INC.,                                    C08    02732    HRL
14
                 Plaintiff,                   DEFENDANT SYNGENTA
                                              BIOTECHNOLOGY, INC.'S NOTICE OF
15   v.                                       REMOVAL UNDER 28 U.S.C. § 1441
                                              (DIVERSITY); CERTIFICATION OF
16   SYNGENTA BIOTECHNOLOGY, INC.,            INTERESTED ENTITIES OR PERSONS
17               Defendant.
18
19                          **NOTICE OF REMOVAL**

20        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

21   DISTRICT OF CALIFORNIA:

22        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant

23   Syngenta Biotechnology, Inc. ("Syngenta") hereby removes the above-entitled action from the

24   Superior Court of the State of California, County of Santa Clara, to the United States District

25   Court for the Northern District of California, San Jose Division, and states as follows:

26        1.    On May 1, 2008, plaintiffs Greg LeFebvre ("LeFebvre") and Danisco US Inc.

27   ("Danisco"), collectively "Plaintiffs," filed an action entitled *Greg LeFebvre and Danisco US Inc.*

28   ///

DEFENDANT'S NOTICE OF REMOVAL,
CERTIFICATION OF INTERESTED ENTITIES                                    CASE NO.

1   *v. Syngenta Biotechnology, Inc.*, Case No. 108-CV-111703 in the Superior Court of California,

2   County of Santa Clara.

3        2.    The first date on which Syngenta received a copy of plaintiff's complaint was May

4   2, 2008, when Syngenta was served with a copy of the complaint along with a Summons, a Civil

5   Case Cover Sheet, a Civil Lawsuit Notice, and an Alternative Dispute Resolution Information

6   Sheet. Complete copies of the complaint and associated papers, as served on Syngenta, are

7   attached as **Exhibit A**.

8        3.    Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within

9   thirty days of receipt by Syngenta, through service or otherwise, of a copy of the initial pleading

10  setting forth the claim for relief upon which the action is based.

11       4.    On May 28, 2008, Syngenta filed its answer to the complaint in the Superior Court

12  of California, County of Santa Clara, a complete copy of which is attached as **Exhibit B**.

13       5.    The papers contained in attached Exhibits A and B are the only papers filed in the

14  state court action as of this date.

15                           **JURISDICTION**

16       6.    Pursuant to 28 U.S.C. § 1332 and Civil Local Rule 3-5(a), this Court has

17  jurisdiction over this action because there is complete diversity amongst the parties and the

18  amount in controversy exceeds $75,000.

19  **I.    COMPLETE DIVERSITY**

20       7.    Paragraph 1 of the Complaint alleges that LeFebvre resides in Mountain View

21  California.

22       8.    Paragraph 2 of the Complaint alleges that Danisco is incorporated under the laws

23  of the State of Delaware and has an office in Palo Alto, California. Danisco is still incorporated

24  under the laws of the State of Delaware. Danisco's principal place of business at the time the

25  Complaint was filed and at present is in Palo Alto, California.

26       9.    At the time the Complaint was filed Syngenta was incorporated under the laws of

27  the State of Delaware and maintained its principal place of business in Research Triangle Park,

28  / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    North Carolina. Syngenta's state of incorporation and principal place of business remain

2    unchanged. Syngenta is not a citizen of the State of California.

3         10.    Plaintiffs bring their declaratory relief action pursuant to California Code of Civil

4    Procedure section 1060 asking the Court to declare unenforceable an Agreement Concerning

5    Confidentiality, Proprietary Rights and Restrictive Covenants (the "Agreement") entered into

6    between LeFebvre and Syngenta. Section 1060 provides that "[a]ny person interested under a . . .

7    contract. . ." may seek a declaration of their rights and duties.

8         11.    Danisco does not have standing to pursue this declaratory judgment action against

9    Syngenta because Danisco is not a "person interested" in the Agreement.

10         12.    Danisco is not a party to the Agreement. Therefore, because Danisco has no legal

11    interest in the enforcement of the contract it does not have standing. *See, Infinet Marketing*

12    *Services, Inc. v. American Motorist Insurance Co.*, 150 Cal. App. 4th 168, 181 (Cal. Ct. App.

13    2007) (even though plaintiff would tangentially benefit from enforcement of contract, court held

14    no standing under Cal. Civ. P. section 1060 because plaintiff was neither a party to the contract

15    nor an intended beneficiary); *see also Douglas v. Don King Productions, Inc.*, 736 F. Supp. 223

16    (D. Nev. 1990) ("Generally, a plaintiff can assert only his own legal interests and not those of

17    third parties.").

18         13.    Moreover, the Complaint contains no allegation that Syngenta threatened Danisco

19    with a lawsuit. Indeed, Syngenta has not. While Syngenta has filed a claim against LeFebvre in

20    North Carolina, Syngenta has not similarly filed any claim against Danisco. Therefore, Danisco

21    does not have standing to seek declaratory relief by virtue of any threat of a lawsuit. *See, De La*

22    *Hoya v. Top Rank, Inc.*, Case No. CV 00-9230-WMB, CV 00-10450-WMB, 2001 U.S. Dist.

23    LEXIS 25816, at *49 (C.D. Cal. 2001) ("The declaratory judgment procedure was expressly

24    intended to confer standing upon persons threatened with suit.").

25         14.    Danisco is not an "interested party" because it neither has legal rights in the contract

26    nor has been threatened with any lawsuit. Thus, the Court may ignore Danisco's presence for the

27    / / /

28    / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  purpose of determining diversity.[1] *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067-1068

2  (9th Cir. 2001) (explaining that an exception to the requirement of complete diversity is "fraudulent

3  joinder"; fraudulent joinder was shown where plaintiff failed to state a cause of action).

4      15.    Syngenta and LeFebvre are in complete diversity.

5  **II.    AMOUNT IN CONTROVERSY**

6      16.    At the inception of his employment with Syngenta, LeFebvre entered into the

7  Agreement with Syngenta. Because of LeFebvre's nearly unfettered access to Syngenta's most

8  valuable information and trade secrets, enforcement of the Agreement is necessary to protect the

9  commercial value of that information and those trade secrets. Plaintiffs' Complaint raises the

10  issue of the enforceability of the Agreement. This dispute over the enforceability of the

11  Agreement involves an amount in controversy in excess of $75,000.

12      17.    Syngenta has developed proprietary research, methods, and procedures related to

13  plant science technology that are technical in nature, derive independent commercial value from

14  not being known or readily ascertainable, and are subject to reasonable means to maintain their

15  secrecy. As relevant to this matter, this confidential, proprietary and trade secret information

16  includes, but is not necessarily limited to, the following (hereinafter collectively and separately

17  referred to as the "Trade Secret Information"):

18          a.    Confidential, proprietary, and trade secret information concerning

19             Syngenta's Bioprocessing business, which relates to the processing/

20             conversion of feedstock (such as corn, milo, wheat, or barley) into valuable

21             components and compounds.

22          b.    Confidential, proprietary, and trade secret information concerning

23             Syngenta's Renewable Fuels ("biofuels") business, which relates to the

24             conversion of feedstock to ethanol, which is blended with gasoline. This

25             technology represents a substantial investment of resources by Syngenta,

26

27

28

---

[1] After removal, Syngenta plans to file a motion to dismiss Danisco and stay or transfer the case. Syngenta will confer with Plaintiffs' counsel with respect to setting a briefing schedule.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

and is considered one of Syngenta's most significant business growth opportunities.

  c. Confidential, proprietary, and trade secret information concerning Syngenta's enzyme business, which relates to commercialization of enzymes (biological catalysts) which are designed to be used for animal nutrition and for processing feedstock to value added components. By way of illustration, Syngenta is presently developing proprietary enzyme technology and systems to convert plant waste and pre-treated cellulosic biomass into biofuels.

  d. Confidential, proprietary, and trade secret information concerning Syngenta's efforts to research, develop, commercialize, and market Syngenta's most advanced product, Corn Amylase. Corn Amlyase is the first enzyme to be expressed in corn that is targeted at facilitating the conversion of corn into bioethanol, a renewable fuel source for cars and other vehicles. Corn Amlyase is in the last stages of development and is expected to be brought to market in the near future. Corn Amlyase promises to simplify production and raise fuel yield per acre, and provides a significant performance advantage over conventional industry technology. Indeed, it has been publicly reported that Syngenta's work in this area has the potential to reduce the costs of ethanol production up to ten percent-an extraordinary competitive advantage given the current energy markets.

  e. Confidential, proprietary, and trade secret information concerning Syngenta's strategic plans and the support functions necessary to bring the foregoing technology forward, including finance, regulatory, business analysis, supply chain, account management, communications, marketing and advertising.

  18. LeFebvre's key position as Syngenta's Global Business Director, Bioprocessing required him to have a comprehensive and detailed knowledge of Syngenta's operations,

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    capabilities, methodological approaches, functions, and other Syngenta proprietary information,

2    know-how, strategic plans, and the Trade Secret Information. LeFebvre gained a comprehensive

3    and detailed knowledge of Syngenta's proprietary and confidential business plans and strategies.

4    Indeed, LeFebvre held the key position in Syngenta's bioprocessing and biofuels business, and

5    had virtually unlimited access and influence of the course of the bioprocessing program and the

6    Trade Secret Information.

7         19.     To the extent that the Agreement is declared unenforceable and LeFebvre is

8    permitted to take his comprehensive knowledge of Syngenta's Trade Secret Information to

9    Danisco, Syngenta stands to lose in excess of $75,000. The Trade Secret Information which

10   LeFebvre has knowledge of cost Syngenta in excess of $75,000 to develop. Additionally,

11   Danisco's receipt of this information could cost Syngenta lost sales and other economic injury in

12   excess of $75,000.

13        20.     LeFebvre was one of only a handful of employees at Syngenta who was offered a

14   non-compete agreement with a specifically negotiated "garden leave" provision. LeFebvre and

15   Syngenta agreed that Syngenta would provide him compensation during the period of the

16   noncompete. Specifically, the Agreement provides, in relevant part, as follows:

17             In partial consideration for Employee's agreement to not compete
          with Syngenta in this manner, within ten (10) days of the end of:

18             (a) each of the first 11 months of Employee's non-compete period
          Syngenta will pay to Employee an amount equal to ½ of

19             employee's monthly base salary, and (b) the end of the 12th month
          of such non-compete period, Employee shall be paid an amount

20             equal to 25% of Employee's base annual salary, in each case as

21             such salary existed on the date of termination.

22        21.     As Syngenta's Global Business Director, Bioprocessing, LeFebvre earned in excess

23   of $200,000 per year. The payment contemplated under the "garden leave" provision is in excess

24   of $75,000.

25        22.     This action is therefore a civil action over which this Court has original

26   jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by

27   defendants pursuant to the provisions of 28 U.S.C. § 1441(b).

28   ///

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**INTRADISTRICT ASSIGNMENT**

23.    Pursuant to Civil Local Rule 3-5(b), assignment of this action to the San Jose Division of this Court is proper because, under Civil Local Rules 3-2(c) and (e), this action arises in the county of Santa Clara because Plaintiffs originally filed this action in Santa Clara County Superior Court.

24.    Syngenta has complied with all conditions precedent to removal.

25.    Promptly upon filing this Notice of Removal with this Court, Syngenta shall provide written notice to Plaintiffs (through their counsel) and to the Santa Clara County Superior Court, as required under 28 U.S.C. § 1446(d).  A copy of said notice is attached as **Exhibit C**.

26.    WHEREFORE, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2      Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

3  the named parties, there is no such interest to report.

4

5  Dated: May 30, 2008                          FENWICK & WEST LLP

6

7                                               By:_____
                                                        Kimberly I. Culp

8                                               Attorneys for Defendant
9                                               SYNGENTA BIOTECHNOLOGY, INC.

10
   1285470
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
05/05/2008
CT Log Number 513388988

**TO:**      Daniel Tangeman, Esquire
             Syngenta Animal Nutrition, Inc.
             3054 East Cornwallis Road
             Research Triangle Park, NC 27709

**RE:**      **Process Served in California**

**FOR:**     Syngenta Biotechnology, Inc. (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Greg LeFebvre and Danisco Us Inc., Pltfs. vs. Syngenta Biotechnology, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice, Attachment(s) |
| **COURT/AGENCY:** | Santa Clara County- San Jose, Superior Court, CA<br>Case # 108CV111703 |
| **NATURE OF ACTION:** | Seeking declaratory relief that the agreement is viod and unenforceable in its entirety because it is permeated with illegality |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/02/2008 at 14:35 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 9/23/2008 at 1:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | James W. Morando<br>Farella Braun + Martel LLP<br>235 Montgomery Street<br>17th Floor<br>San Francisco, CA 94104<br>415-954-4400 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790007479419 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

5/-/08 → 2:35P

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SYNGENTA BIOTECHNOLOGY, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREG LeFEBVRE and DANISCO US INC.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

[ENDORSED]
FILED

MAY -1 08

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
_____ DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
Santa Clara County
191 North First Street
San Jose, CA 95113

CASE NUMBER
*(Número del Caso):*
**108CV111703**
BY FAX

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James W. Morando (SBN 087896)        (415) 954-4400   (415) 954-4480
Farella Braun + Martel LLP
235 Montgomery Street 17th Floor                     J. Cao-Nguyen
San Francisco, CA 94104

DATE: MAY -1 2008 Chief Executive Officer/Clerk    Clerk, by _____, Deputy
*(Fecha)*                                           *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Syngenta Biotechnology, Inc.

   under:  ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  James W. Morando (State Bar No. 087896)
   Laura C. Roche (State Bar No. 174596)
2  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
3  San Francisco, CA 94104
   Telephone: (415) 954-4400
4  Facsimile: (415) 954-4480

5  Jeffrey S. Boxer (Appearing *Pro Hac Vice*)
   Emily Milligan (Appearing *Pro Hac Vice*)
6  Carter Ledyard & Milburn LLP
   Two Wall Street
7  New York, New York 10005
   Telephone: (212) 732-3200

8
   Attorneys for Plaintiffs
9  Greg LeFebvre and Danisco US Inc.

10            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               IN AND FOR THE COUNTY OF SANTA CLARA

12

13 GREG LeFEBVRE and DANISCO US         Case No. **1 0 8 C V 1 1 1 7 0 3**
   INC.,
14                                      COMPLAINT FOR DECLARATORY RELIEF
                 Plaintiffs,            (C.C.P. § 1060)
15
        vs.
16
   SYNGENTA BIOTECHNOLOGY, INC.,
17
                 Defendant.
18

ENDORSED
FILED

MAY -1 08

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
DEPUTY

BY FAX

19                            **COMPLAINT**

20       The Plaintiffs, Greg LeFebvre and Danisco US Inc. (collectively "Plaintiffs"), by counsel,

21 hereby petition this Court for declaratory and other relief against the Defendant Syngenta

22 Biotechnology, Inc. ("Syngenta"). In support of said request for relief, Plaintiffs allege as

23 follows:

24                           **THE PARTIES**

25       1.      Plaintiff Greg LeFebvre ("Mr. LeFebvre") is an individual who resides in

26 Mountain View, California.

27       2.      Plaintiff Danisco US Inc. ("Danisco") is incorporated under the laws of the State

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

23203\1558698.1

COMPLAINT FOR DECLARATORY RELIEF (C.C.P. § 1060)

1    of Delaware and has an office located in Palo Alto, California. Danisco is a biotechnology

2    company that develops and produces enzymes and bio-based products for various several

3    industries

4        3.    Defendant Syngenta is incorporated under the laws of the State of Delaware and its

5    principal office is located in Research Triangle Park, North Carolina.  Upon information and

6    belief, Syngenta is a biotechnology company that focuses primarily on creating products for use

7    in agriculture.

8                        **JURISDICTION AND VENUE**

9        4.    This Court has jurisdiction to hear the claims alleged in this Complaint and is a

10    court of competent jurisdiction to grant the relief requested.

11        5.    This Court has jurisdiction over Syngenta because the claims asserted herein

12    against Syngenta arise from acts or omissions by Syngenta in California or acts or omissions by

13    Syngenta outside California the effects of which will be felt in California.  Syngenta is qualified

14    to transact business in California and has appointed an agent for service of process in California.

15        6.    Venue is proper in this Court because the causes of action alleged in this

16    Complaint, and the liability arising therefrom, arose in the County of Santa Clara.

17                        **GENERAL ALLEGATIONS**

18        7.    From August 2006 until April 2008, Mr. LeFebvre was employed by Syngenta as

19    Business Director, Bioprocessing at Syngenta's offices in Research Triangle Park, North

20    Carolina.

21        8.    While employed at Syngenta, Mr. LeFebvre was responsible for commercializing

22    and marketing products for use in the biofuels industry.

23        9.    At the time Mr. LeFebvre began employment with Syngenta he was required to

24    sign an Agreement Concerning Confidentiality, Proprietary Rights and Restrictive Covenants (the

25    "Agreement"), an unsigned copy of which is attached as Exhibit A.

26        10.    Section 6(d) of the Agreement contains a broadly drawn restrictive covenant (the

27    "Restrictive Covenant") which prohibits Mr. LeFebvre from working for or with any company

28    engaged in any aspect of the "manufacture and/or sale of enzyme products for bioprocessing" in

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 2 -

23203\1558698.1

COMPLAINT FOR DECLARATORY RELIEF (C.C.P. § 1060)

1    any area of "the United States of America, Brazil, Mexico, China, Canada, France, England,

2    Germany" for a period of 12 months after the termination of his employment with Syngenta.  The

3    full text of the Restrictive Covenant is as follows:

4        6.d. Employee acknowledges and agrees that the duties and responsibilities to be
    performed by Employee for the Company are of a special and unusual character

5        which have a unique value to the Company, the loss of which cannot be
    adequately compensated by damages in any action in law.  As a consequence of

6        Employee's unique position as the Global Business Director, Bioprocessing.
    Employee also acknowledges and agrees that Employee will have broad access to

7        Confidential Information, that Confidential Information will in fact be developed
    by Employee in the course of performing duties and responsibilities for the

8        Company, and that the Confidential Information furnishes a competitive
    advantage in many situations and that employment in the Marketing and/or Sales

9        Business Development functions (the "Restricted Department") of another Person
    engaged in manufacture and/or sale of enzyme products for bioprocessing (the

10       "Business") in the following countries: the United States of America, Brazil,
    Mexico, China, Canada, France, England, Germany (hereinafter defined as the

11       "Major Enzymes Markets") would by virtue of the nature of such employment
    inevitably lead Employee to rely on or utilize such Confidential Information.

12       Thus, Employee acknowledges and agrees that it is both reasonable and necessary
    for the covenants in this Section to apply to Employee's activities throughout the

13       Major Enzymes Markets.  In recognition of the special and unusual character of
    the duties and responsibilities of Employee when employed with the Company

14       and as a material inducement to the Company (to continue) to employ Employee
    in this special and unique capacity, Employee covenants and agrees that upon

15       termination of Employee's employment for any reason and for twelve (12)
    months thereafter, Employee shall not, on Employee's own account or as an

16       employee, associate, consultant, partner, agent, principal, contractor, owner,
    officer, director, member, manager or stockholder of any other Person who is

17       engaged in the Business (collectively, the "Restricted Persons"), directly or
    indirectly, alone, for, or in combination with any one or more Restricted Persons,

18       in one or a series of transactions:  (a) serve in any capacity in the Restricted
    Department of any Person who is engaged in the Business in any state in the

19       Major Enzymes Markets; (b) provide consultative services to the Restricted
    Department of any Person who is engaged in the Business in any country within

20       the Major Enzymes Markets; (c) call upon any of the depositors, customers or
    clients of the Company (or any subsidiary, affiliate, or parent company of

21       Company who is also engaged in the Business) who were such at any time during
    the twelve-month period ending on the termination of Employee's employment

22       with the Company, whose needs Employee gained information about during his
    employment with the Company for the purpose of soliciting or providing any

23       product or service similar to that provided by the Company or any subsidiary,
    affiliate, or parent company of the Company; (d) solicit, divert, or take away, or

24       attempt to solicit, divert or take away any of the customers or clients of the
    Company (or any subsidiary, affiliate, or parent company of the Company who is

25       also engaged in the Business) who were such at any time during the twelve-month
    period ending on the termination of Employee's employment with the Company,

26       whose needs Employee gained information about during his employment with the
    Company; or (e) induce or attempt to induce any employee of the Company or

27       any subsidiary, affiliate, or parent company of Company to terminate his
    employment with the Company or any subsidiary, affiliate, or parent company of

28       Company or to accept employment with any Person (whether or not such

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 3 -

23203\1558698.1

employee was subject to a covenant not to compete with the Company).  For purposes of this paragraph, "Person" shall mean any individual, person, partnership, limited liability company, joint venture, corporation, company, firm, group or other entity.

11.    Mr. LeFebvre has been offered and has accepted employment with Danisco's Genencor division Grain Processing business unit based in Palo Alto, California as Danisco's Genencor Division Global Director of Marketing, Grain Processing.  As part of accepting this employment with Danisco Mr. LeFebvre has procured a residence in California where he will be based and work from Danisco's office in Palo Alto, California.

12.    Danisco has expressly directed Mr. LeFebvre not to retain, disclose or use any Syngenta trade secrets in connection with his new employment or in performing his work for Danisco.  Mr. LeFebvre has complied with this directive and has not retained, disclosed or used any Syngenta trade secrets since the termination of his employment with Syngenta.

13.    In the course of performing his job duties at Danisco, Mr. LeFebvre does not intend to use or disclose any Syngenta trade secrets.

14.    Syngenta has nonetheless threatened to enforce the Restrictive Covenant against Mr. LeFebvre and, upon information and belief, plans to try to prevent Mr. LeFebvre from being employed by Danisco in the position he accepted in Palo Alto, California.  When Mr. LeFebvre submitted his resignation letter to Syngenta, he was informed Syngenta would immediately take legal action to enforce the Restrictive Covenant against him.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

15.    Plaintiffs reassert, re-allege, and incorporate by reference herein all facts and allegations set forth in Paragraphs 1 through 14 above.

16.    An actual controversy has arisen and exists between Mr. LeFebvre and Danisco on the one hand and Syngenta on the other hand concerning whether the Restrictive Covenant contained in Section 6(d) of the Agreement is enforceable and whether it prevents Mr. LeFebvre from being employed by Danisco's Genencor division Grain Processing Business Unit in Palo, Alto, California.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

23203\1558698.1

COMPLAINT FOR DECLARATORY RELIEF (C.C.P. § 1060)

1    17.    Mr. LeFebvre will be injured if the Restrictive Covenant is enforced because he

2    will be deprived of the ability to undertake employment and earn a living in California.

3    Mr. LeFebvre, who is married and has a child, is the primary income earner in his family.

4    18.    Syngenta has taken the extreme position Mr. LeFebvre may not be employed by

5    Danisco despite the fact that Mr. LeFebvre is able to accept employment and work for Danisco

6    without using and disclosing any Syngenta trade secrets.

7    19.    Because of the actual controversy that has arisen it is necessary for this Court to

8    make a judicial determination of the rights and obligations of the parties under California law.

9    20.    The Restrictive Covenant contained in Section 6(d) of the Agreement is void as a

10    matter of law pursuant to Cal. Bus. & Prof. Code § 16600 which provides that "[e]xcept as

11    provided in this chapter, every contract by which anyone is restrained from engaging in a lawful

12    profession, trade, or business of any kind is to that extent void."

13    21.    The Restrictive Covenant contained in Section 6(d) of the Agreement is also void

14    as a matter of law because it is not narrowly tailored  and is not necessary to protect a trade secret

15    against an actual or threatened misappropriation.

16    22.    The Restrictive Covenant contained in Section 6(d) of the Agreement is void as a

17    matter of public policy because it violates California's strong public policy in favor of open

18    competition and freedom to pursue employment.

19                              **REQUESTED RELIEF**

20    WHEREFORE, Plaintiffs hereby request that the Court grant the following relief:

21    1.    A binding declaration that the Agreement is void and unenforceable in its entirety

22    because it is permeated with illegality, or alternatively, for a binding declaration that Section 6(d)

23    of the Agreement is void and unenforceable under Cal. Bus. & Prof. Code § 16600;

24    2.    A binding declaration that Mr. LeFebvre is not prohibited from being employed by

25    Danisco;

26    3.    For compensatory damages;

27    4.    For attorneys' fees and costs; and

28    5.    For such other relief as this Court determines may be just and equitable.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400
- 5 -
23203\1558698.1
COMPLAINT FOR DECLARATORY RELIEF (C.C.P. § 1060)

1

2    Dated: May 1, 2008                     FARELLA BRAUN & MARTEL LLP

3                                          CARTER LEDYARD & MILBURN LLP

4

5                             By:_____.

6                                Laura C. Roche

7                              Attorneys for Plaintiffs

8                              Greg LeFebvre and Danisco US Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

23203\1558698.1

COMPLAINT FOR DECLARATORY RELIEF (C.C.P. § 1060)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James W. Morando (SBN 087896)<br>Laura C. Roche (SBN 174596)<br>Farella Braun + Martel LLP<br>235 Montgomery Street, 17th Floor<br>San Francisco, CA 94104 | ENDORSED<br>FILED<br><br>MAY – 1 08<br><br>KIRI TORRE<br>CHIEF EXEC. OFFICER/CLERK<br>SUPERIOR COURT<br>COUNTY OF S. CLARA |

TELEPHONE NO.: (415) 954-4400   FAX NO.: (415) 954-4480
ATTORNEY FOR (Name): GREG LeFEBVRE and DANISCO US INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME: LeFEBVRE and DANISCO US INC. v. SYNGENTA BIOTECHNOLOGY, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 108CV111703 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): One

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)   **BY FAX**

Date: May 1, 2008
Laura C. Roche (SBN 174596)
(TYPE OR PRINT NAME)                    ►   *(signature)*   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

ATTACHMENT CV-5012

CASE NUMBER: **1 0 8 C V 1 1 1 7 0 3**

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> *DEFENDANTS* (The person(s) being sued):  You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> **Warning:  If you do not do these three things, you may automatically lose this case.**

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

| | |
|---|---|
| Your Case Management Judge is: **James Emerson** | Department: **19** |

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: **SEP 2 3 2008**  Time: **1:30 PM** in Department **19**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

<    Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
<      The action is for personal injury, property damage, or breach of contract
<      Only monetary damages are sought
<      Witness testimony, under oath, is desired
<      An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

<    Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
<      The parties are far apart in their view of the law or value of the case
<      The case involves a technical issue in which the evaluator has expertise
<      Case planning assistance would be helpful and would save legal fees and costs
<      The parties are interested in an injunction, consent decree, or other form of equitable relief

<    Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

<    Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court        Santa Clara County DRPA Coordinator
ADR Administrator                             408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

1   RODGER R. COLE (CSB NO. 178865)
    KIMBERLY I. CULP (CSB NO. 238839)
2   FENWICK & WEST LLP
    Silicon Valley Center
3   801 California Street
    Mountain View, CA 94041
4   Telephone: (650) 988-8500
    Facsimile:  (650) 938-5200
5
    Attorneys for Defendant
6   SYNGENTA BIOTECHNOLOGY, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11  GREG LeFEBVRE and DANISCO US INC.,          Case No.  108-CV-111703

12              Plaintiff,                       **DEFENDANT SYNGENTA
                                                 BIOTECHNOLOGY, INC.'S ANSWER
13     v.                                        TO PLAINTIFFS' COMPLAINT FOR
                                                 DECLARATORY RELIEF**
14  SYNGENTA BIOTECHNOLOGY, INC.,

15              Defendant.

16

17       Defendant Syngenta Biotechnology, Inc. ("Defendant") hereby answers the unverified

18  Complaint ("Complaint") of Plaintiff Greg LeFebvre ("LeFebvre") and Danisco US Inc.

19  ("Danisco"), collectively "Plaintiffs," as follows:

20                          **GENERAL DENIAL**

21       Pursuant to California Code of Civil Procedure Sections 431.30(b)(1) and (d), Defendant

22  generally denies each and every material allegation of Plaintiffs' Complaint.  Defendant further

23  denies that Plaintiffs have been injured by any act or omission of Defendant.

24                       **AFFIRMATIVE DEFENSES**

25       Pursuant to California Code of Civil Procedure Section 431.30(b)(2), as separate and

26  distinct affirmative defenses to all claims and causes of action alleged in the Complaint,

27  Defendant alleges as follows:

28  ///

DEFENDANT'S ANSWER TO PLAINTIFFS'                              CASE NO. 108-CV-111703
COMPLAINT FOR DECLARATORY RELIEF

COPY

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

ENDORSED FILED

08 MAY 28  PM 2:00

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA.
COUNTY OF SANTA CLARA
BY_____DEPUTY

1

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

2

3    As an affirmative defense to the Complaint, and the purported cause of action, Plaintiffs

4    fail to state facts sufficient to constitute a cause of action against Defendant.

5

### SECOND AFFIRMATIVE DEFENSE
#### (Waiver)

6

7    As an affirmative defense to the Complaint, and the purported cause of action, Plaintiffs,

8    by their own conduct, have waived any of the claims upon which they seek relief.

9

### THIRD AFFIRMATIVE DEFENSE
#### (Estoppel)

10

11    As an affirmative defense to the Complaint, and the purported cause of action, Plaintiffs,

12    by their own conduct, are estopped from asserting any of the claims upon which they seek relief.

13

### FOURTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

14

15    As an affirmative defense to the Complaint, and the purported cause of action, Plaintiffs,

16    by their own acts and omissions, are barred from any recovery in this action by the doctrine of

17    unclean hands.

18

### FIFTH AFFIRMATIVE DEFENSE
#### (Consent)

19

20    As an affirmative defense to the Complaint, and the purported cause of action, LeFebvre,

21    by his own acts and omissions, is barred from any recovery in this action by the doctrine of

22    consent.

23

### SIXTH AFFIRMATIVE DEFENSE
#### (Acquiescence)

24

25    As an affirmative defense to the Complaint, and the purported cause of action, LeFebvre,

26    by his own acts and omissions, is barred from any recovery in this action by the doctrine of

27    acquiescence.

28    / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches)

As an affirmative defense to the Complaint, and the purported cause of action, LeFebvre, by his own acts and omissions, is barred from any recovery in this action by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Forum Non Conveniens)

As an affirmative defense to the Complaint, and the purported cause of action, Plaintiffs are barred from any recovery in this action by the doctrine of forum non conveniens.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

Plaintiff has failed to set forth the allegations of the Complaint with sufficient particularity to provide Defendant with a sufficient basis to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event that discovery or investigation reveals that they would be appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays as follows:

1. That the Complaint be dismissed in its entirety with prejudice, and Plaintiffs take nothing by this action;

2. That judgment be entered in favor of Defendant and against Plaintiffs;

3. That Defendant be allowed to recover its costs and reasonable attorneys' fees incurred in defending this action; and

4. For such other and further relief as the Court deems just and proper.

DATED: May 28, 2008                    FENWICK & WEST LLP


By: _____
    Rodger R. Cole
Attorneys for Defendant
SYNGENTA BIOTECHNOLOGY, INC.

*1285786*

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

### CERTIFICATE OF SERVICE

ENDORSED FILED

2

The undersigned declares that:

08 MAY 28 PM 2: 00

3

I am employed in the County of Santa Clara, State of California. I am over the age of 18

4

and not a party to this action. My business address is 801 California Street, Mountain View, CA.

CHIEF EXEC. OFFICER/CLERK
COUNTY OF SANTA CLARA

5

94041.

BY_____ G. Duarte _____DEPUTY

6

On the date set forth below, I served the attached DEFENDANT SYNGENTA BIOTECHNOLOGY,

7

INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF on the party in the subject

8

action by placing a true copy thereof as indicated below, addressed as follows:

9

James W. Morando, Esq.           Jeffrey S. Boxer, Esq.

10

Laura C. Roche, Esq.             Emily Milligan, Esq.
Farella Braun & Martel LLP       Carter Ledyard & Milburn LLP

11

235 Montgomery Street, 17th Floor   Two Wall Street
San Francisco, CA  94104         New York, NY  10005

12

13

☒   **U.S. MAIL:**  I am familiar with our business practices for collecting and processing of

14

mail for the United States Postal Service.  Mail placed by me within the office for
collection for the United States Postal Service would normally be deposited with the
United States Postal Services that day in the ordinary course of business. The envelope(s)

15

bearing the address(es) above was sealed and placed for collection and mailing on the date
below following our ordinary business practices.

16

17

☐   **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand on the
office(s) of the addressee(s).

18

☐   **BY FEDERAL EXPRESS:**  I caused such envelope(s) to be delivered to Federal Express

19

for overnight courier service to the office(s) of the addressee(s).

20

☐   **BY ELECTRONIC MAIL:**  I caused such document(s) to be delivered by electronic
mail to the addressee(s).

21

☐   **BY FACSIMILE:**  I caused a copy of such document(s) to be sent via facsimile

22

transmission to the office(s) of the party(s) stated above and was transmitted without error.

23

I declare under penalty of perjury under the laws of the State of California that the above

is true and correct.  Executed on May 28, 2008 at Mountain View, California.

24

25

26

_____

27

Marti Guidoux

*1285786*

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  RODGER R. COLE (CSB NO. 178865)
   KIMBERLY I. CULP (CSB NO. 238839)
2  FENWICK & WEST LLP
   Silicon Valley Center
3  801 California Street
   Mountain View, CA 94041
4  Telephone: (650) 988-8500
   Facsimile: (650) 938-5200
5
   Attorneys for Defendant
6  SYNGENTA BIOTECHNOLOGY, INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

11 | GREG LeFEBVRE and DANISCO US          Case No. 108-CV-111703
   | INC.,
12 |                                       **NOTICE OF REMOVAL TO FEDERAL**
   |              Plaintiff,                **COURT BY DEFENDANT SYNGENTA**
13 |                                       **BIOTECHNOLOGY, INC.**
   |        v.
14 |
   | SYNGENTA BIOTECHNOLOGY, INC.,
15 |
   |              Defendant.
16

17        TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,

18 COUNTY OF SANTA CLARA, PLAINTIFFS GREG LeFEBVRE AND DANISCO US INC.

19 AND THEIR ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE that on May 30, 2008, Defendant Syngenta Biotechnology, Inc.

21 filed a Notice of Removal of this action in the United States District Court for the Northern

22 District of California.  A complete copy of the Notice of Removal is attached to this Notice, and

23 is served and filed herewith.

24 DATED:  May 30, 2008                 FENWICK & WEST LLP

25

26                                      By: _____
                                            Kimberly I. Culp
27                                          Attorneys for Defendant
                                            SYNGENTA BIOTECHNOLOGY, INC.
28

                                                                        *1285466*

NOTICE OF REMOVAL TO FEDERAL COURT                    CASE NO. 108-CV-111703

1

## CERTIFICATE OF SERVICE

2       The undersigned declares that:

3       I am employed in the County of Santa Clara, State of California. I am over the age of 18

4   and not a party to this action. My business address is 801 California Street, Mountain View, CA

5   94041.

6       On the date set forth below, I served the attached NOTICE OF REMOVAL TO FEDERAL COURT

7   BY DEFENDANT SYNGENTA BIOTECHNOLOGY, INC. on the party in the subject action by placing a

8   true copy thereof as indicated below, addressed as follows:

9       James W. Morando, Esq.              Jeffrey S. Boxer, Esq.
        Laura C. Roche, Esq.                Emily Milligan, Esq.
10      Farella Braun & Martel LLP          Carter Ledyard & Milburn LLP
11      235 Montgomery Street, 17th Floor   Two Wall Street
        San Francisco, CA  94104            New York, NY  10005

12

13  ☒   **U.S. MAIL:** I am familiar with our business practices for collecting and processing of
        mail for the United States Postal Service. Mail placed by me within the office for
14      collection for the United States Postal Service would normally be deposited with the
        United States Postal Services that day in the ordinary course of business. The envelope(s)
15      bearing the address(es) above was sealed and placed for collection and mailing on the date
        below following our ordinary business practices.
16

17  ☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand on the
        office(s) of the addressee(s).

18  ☐   **BY FEDERAL EXPRESS:** I caused such envelope(s) to be delivered to Federal Express
        for overnight courier service to the office(s) of the addressee(s).
19

20  ☐   **BY ELECTRONIC MAIL:** I caused such document(s) to be delivered by electronic
        mail to the addressee(s).

21  ☐   **BY FACSIMILE:** I caused a copy of such document(s) to be sent via facsimile
        transmission to the office(s) of the party(s) stated above and was transmitted without error.
22

23      I declare under penalty of perjury under the laws of the State of California that the above
    is true and correct. Executed on May 30, 2008 at Mountain View, California.

24

25

26      _____
                Marti Guidoux
27                                                      *1285466*

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

JS 44 (Rev. 12/07) (cand rev 1-16) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
Greg LeFebvre and Danisco US Inc.

**DEFENDANTS**
Syngenta Biotechnology, Inc.

**(b)** County of Residence of First Listed Plaintiff Santa Clara, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Durham County, North Carolina
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James W. Morando, Esq. (CSB No. 087896)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor     (415) 954-4400
San Francisco, CA 94104

Attorneys (If Known)
Rodger R. Cole, Esq. (CSB No. 178865)
Fenwick & West LLP
801 California Street                    (650) 988-8500
Mountain View, CA 94041

ADR
E-FILING
C08  02732  HRL

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities— Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities— Other | ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 463 Habeas Corpus— Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332 and 1441
Brief description of cause:
Enforceabilty of contract

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE
May 30, 2008

SIGNATURE OF ATTORNEY OF RECORD

Kimberly I. Culp

American LegalNet, Inc.
www.FormsWorkflow.com