1  James W. Morando (State Bar No. 087896)
   Monali Sheth (State Bar No. 239511)
2  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
3  San Francisco, CA  94104
   Telephone:  (415) 954-4400
4  Facsimile:  (415) 954-4480
   jmorando@fbm.com
5  lroche@fbm.com

6  Attorneys for Plaintiffs
   GREG LEFEBVRE and DANISCO US INC.
7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12 GREG LEFEBVRE and DANISCO US        Case No.  C08 02732 JW
   INC.,
13                                      **NOTICE OF MOTION, MOTION AND**
              Plaintiffs,               **MEMORANDUM OF POINTS AND**
14                                      **AUTHORITIES IN SUPPORT OF**
      vs.                               **PLAINTIFFS' MOTION FOR REMAND**
15
   SYNGENTA BIOTECHNOLOGY, INC.,        Hearing Date:    October 20, 2008
16                                      Time:            9:00 a.m.
              Defendant.                Courtroom:       8
17                                      Judge:           Hon. James Ware

18

19 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20         PLEASE TAKE NOTICE that on October 20, 2008, at 9:00 a.m., or as soon thereafter as

21 this matter may be heard by the Honorable James Ware, in Courtroom 8 of this Court located at

22 280 South 1st Street, San Jose, California, Plaintiffs Greg LeFebvre and Danisco US Inc.

23 ("Danisco") (collectively "Plaintiffs") will move, and hereby do move the Court for an order

24 pursuant to 28 U.S.C. section 1447, remanding the above-captioned matter to Santa Clara County

25 Superior Court, where it was originally filed.  Plaintiffs also seek an order granting them their

26 costs and actual expenses, including attorney's fees, incurred as a result of removal pursuant to 28

27 U.S.C. section 1447(c).

28         This Motion for Remand will be made on the grounds that (1) Plaintiff Danisco and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,
Case No.  C08 02732 JW                                      23203\1616520.1

1  Defendant Syngenta Biotechnology, Inc. ("Defendant") are both citizens of Delaware, and

2  therefore complete diversity is lacking such that diversity jurisdiction does not exist here; (2)

3  Defendant Syngenta has improperly disregarded Danisco's citizenship when it removed this

4  action and is incorrect in contending that Danisco does not have standing to pursue a declaratory

5  relief action pursuant to California Code of Civil Procedure section 1060; and (3) Plaintiffs

6  should recover their costs and actual expenses, including attorney's fees, incurred as a result of

7  removal because Defendant's removal of this action was objectively unreasonable.

8      This Motion for Remand is based on this notice, the attached memorandum of points and

9  authorities, the declaration of James W. Morando in support thereof, the records and files in this

10  action, and any further evidence and arguments that the Court will receive at or before the hearing

11  on this motion.

12  **I.    INTRODUCTION**

13      Plaintiffs Greg LeFebvre and Danisco US, Inc. ("Danisco") (collectively "Plaintiffs")

14  originally filed this action for declaratory relief against Defendant Syngenta Biotechnology, Inc.

15  ("Defendant" or "Syngenta") in Santa Clara County Superior Court.  Although Plaintiff Danisco

16  and Defendant Syngenta are both Delaware citizens, Defendant removed the matter to this Court

17  purportedly on the basis of diversity jurisdiction, pursuant to 28 U.S.C. sections 1332 and 1441.

18  Plaintiffs now seek to remand this action to state court under 28 U.S.C. section 1447 because

19  complete diversity is lacking among the parties and, therefore, removal to federal court was

20  improper.

21      Danisco and Syngenta are citizens of the same state because they both are incorporated in

22  the state of Delaware.  *See* 28 U.S.C. § 1332(c).  In its removal papers, Defendant improperly

23  discounted Danisco's citizenship by asserting that Danisco is not "[a]ny person interested under a

24  . . . contract" pursuant to California Code of Civil Procedure section 1060 and thus lacks standing

25  to pursue this declaratory relief action against Defendant.  However, it is well settled that a

26  plaintiff need not be a party to a contract or be "interested" under a contract as a predicate to

27  maintaining a declaratory relief action as to the validity of the contract so long as the controversy

28  directly impacts the plaintiff's rights.  *See* Cal. Code Civ. Proc. § 1060.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,          - 2 -
Case No.  C08 02732 JW

23203\1616520.1

1    Here, Mr. LeFebvre entered into an "Agreement Concerning Confidentiality, Proprietary

2    Rights and Restrictive Covenants" (the "Agreement") in connection with his prior employment

3    with Defendant which contains a broad restrictive covenant that Syngenta contends precludes

4    Danisco from now employing Mr. LeFebvre. Indeed, after Mr. LeFebvre left his employment

5    with Syngenta and Danisco hired him, Syngenta asserted that the restrictive covenant in the

6    Agreement precluded Danisco from employing Mr. LeFebvre. Under such circumstances,

7    Syngenta's contention, if correct, would obviously impact Danisco's employment of Mr.

8    LeFebvre and directly affect Danisco's rights. Syngenta's attempt to disregard Danisco's

9    citizenship by contending that the resolution of the controversy with respect to enforceability of

10   the Agreement does not impact Danisco's rights is specious. When Danisco's citizenship is

11   properly accounted for, complete diversity among the parties is lacking and thus removal was

12   improper.

13       Because this Court lacks subject matter jurisdiction, this action should be remanded to

14   Santa Clara County Superior Court, where it originally was filed. *See* 28 U.S.C. § 1447(c).

15   Plaintiffs also request that the Court award them their costs and actual expenses, including

16   attorney fees, incurred as a result of removal on the grounds that Defendant lacked an objectively

17   reasonable basis to remove this case to federal court. *Id.*; *see also Martin v. Franklin Capital*

18   *Corp.*, 546 U.S. 132, 141 (2005); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

19   **II.    PROCEDURAL POSTURE**

20       Plaintiffs filed this declaratory relief action in Santa Clara County Superior Court on May

21   1, 2008 because Defendant contends that Danisco may not employ Mr. LeFebvre due to a broad

22   restrictive covenant in an Agreement Mr. LeFebvre entered into in connection with his prior

23   employment at Syngenta. In their action for declaratory relief Plaintiffs seek: (1) "[a] binding

24   declaration that the Agreement is void and unenforceable in its entirety because it is permeated

25   with illegality, or alternatively, for a binding declaration that Section 6(d) of the Agreement is

26   void and unenforceable under California Business & Professions Code section 1600;" and (2) "[a]

27   binding declaration that Mr. LeFebvre is not prohibited from being employed by Danisco."

28   Complaint, Requested Relief, ¶¶ 1, 2. On May 30, 2008, Defendant removed this action to this

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,    - 3 -
Case No. C08 02732 JW

23203\1616520.1

1   Court based on an assertion of diversity jurisdiction. *See* Notice of Removal, ¶ 6. Plaintiffs now

2   seek to remand the action to state court on the basis that complete diversity is lacking among the

3   parties because Plaintiff Danisco and Defendant Syngenta are both incorporated in Delaware.

4   Plaintiffs contend that Defendant's removal was objectively unreasonable and therefore seek an

5   award of the costs and attorney's fees they have incurred as a result of Defendant's improper

6   removal. *See* Declaration of James W. Morando in support of Plaintiffs' Motion for Remand

7   ("Morando Decl."), ¶¶ 3-4.

8   **III.    STATEMENT OF FACTS**

9          Plaintiff Danisco is a biotechnology and enzyme company which is incorporated under the

10  laws of the State of Delaware and has offices in Palo Alto, California. *See* Complaint, ¶ 2. It

11  develops and produces enzymes and bio-based products for various industries. *Id*. Defendant is a

12  biotechnology company that focuses on creating products for use in agriculture. *Id*. at ¶ 3. It

13  isincorporated under the laws of the State of Delaware and has its principal office in Research

14  Park Triangle, North Carolina. *Id*.

15         Mr. LeFebvre was formerly employed by Defendant as Business Director, BioProcessing

16  at its office in Research Triangle Park, North Carolina from August 2006 through April 2008. *Id*.

17  at ¶ 7. When Mr. LeFebvre first was employed by Defendant, he was required to sign an

18  Agreement Concerning Confidentiality, Proprietary Rights and Restrictive Covenants. *Id*. at ¶ 9.

19  Section 6(d) of the Agreement includes a broad restrictive covenant ("Restrictive Covenant"),

20  prohibiting Mr. LeFebvre from working for or with any company engaged in any aspect of the

21  "manufacture and/or sale of enzyme products for bioprocessing" anywhere in "the United States

22  of America, Brazil, Mexico, China, Canada, France, England [and] Germany for a period of 12

23  months after the termination of his employment with Defendant." *Id*. at ¶ 10.

24         Like many employees, Mr. LeFebvre decided to change jobs. He accepted an offer from

25  Danisco to be employed in Danisco's Genencor Division based in Palo Alto, California as the

26  Division's Global Director of Marketing, Grain Processing, terminated his employment at

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,
Case No. C08 02732 JW                    - 4 -                    23203\1616520.1

1  Syngenta, and moved from North Carolina to California. *Id*. at ¶ 11.[1]  When Syngenta learned

2  that Mr. LeFebvre went to work for Danisco, it took the position that the Restrictive Covenant in

3  the Agreement Mr. LeFebvre signed in connection with his prior employment at Syngenta barred

4  him from being employed by Danisco.  After Plaintiffs filed this action for declaratory relief,

5  Syngenta subsequently filed a lawsuit against Mr. LeFebvre in state court in North Carolina,

6  attempting to prevent Mr. LeFebvre from being employed by Danisco.  *See* Notice of Removal, ¶

7  13.  Syngenta's application for a temporary restraining order from the North Carolina state court

8  seeking to bar Mr. LeFebvre's employment at Danisco was denied.  *See* Morando Decl., Ex. A.

9  **IV.    ARGUMENT**

10      **A.  Defendant, Who Sought Removal On The Basis Of Diversity, Bears The Burden
         Of Establishing Facts Supporting The Existence Of Diversity.**

12          A "strong presumption" exists against removal jurisdiction.  *Gaus v. Miles, Inc*., 980 F.2d

13  564, 566 (9th Cir. 1992).  Any uncertainties should be resolved in favor of remand.  *See Ethridge*

14  *v. Harbor House Restaurant*, 861 F. 2d 1389, 1393 (9th Cir. 1988).  Defendant, as the party

15  asserting diversity jurisdiction, bears the burden of establishing facts supporting the existence of

16  diversity.  *See Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857-858 (9th Cir. 2001).  Defendant

17  cannot meet this burden here.

18      **B.  This Case Should Be Remanded Because Danisco And Defendant Are Citizens Of
         The Same State, And Complete Diversity Among The Parties Is Lacking.**

20          A corporation is deemed the citizen of any state where it has been incorporated and of the

21  state where it has its principal place of business.  *See* 28 U.S.C. § 1332 (c)(1).  For purposes of

22  determining whether a case is removable from state court to federal court pursuant to 28 U.S.C.

23  section 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. section 1332, the federal

24  court has subject matter jurisdiction only if there is a complete diversity of citizenship among the

25  parties – that is, only if there is no plaintiff and no defendant who are citizens of the same state.

---

[1] At the outset of his employment, Danisco expressly directed Mr. LeFebvre not to retain, disclose or use any trade secrets of Syngenta in connection with his employment with Danisco.  *See* Complaint at ¶ 12.  Mr. LeFebvre has complied fully with this directive, and has not and does not intend to use or disclose any of Defendant's trade secrets. *Id*. at ¶ 13.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,
Case No.  C08 02732 JW                    - 5 -                    23203\1616520.1

1    *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

2        Plaintiff Danisco and Defendant Syngenta are both corporations. *See* Complaint, ¶¶ 2, 3;

3    Notice of Removal, ¶¶ 8, 9. Danisco is incorporated under the laws of the State of Delaware. *See*

4    Complaint, ¶ 2; Notice of Removal, ¶ 8. Defendant also is incorporated under the laws of the

5    State of Delaware. *See* Complaint, ¶ 3; Notice of Removal, ¶ 9. Accordingly, Danisco and

6    Defendant are both citizens of Delaware, and complete diversity among the parties is lacking.

7    Since removal on the basis of diversity jurisdiction is improper, the Court should remand this

8    action to Santa Clara County Superior Court, where it originally was filed.

9

10      **C.  Defendant Improperly Discounted Danisco's Citizenship When Removing This Action Because Danisco's Rights Are Directly Affected By The Relief Sought In This Declaratory Relief Action Under California Code of Civil Procedure Section 1060.**

11

12        In its attempt to avoid the obvious lack of complete diversity here to support its removal,

13    Defendant asks this Court to ignore entirely Danisco's presence and claims in this action. To

14    justify this, Syngenta asserts that Danisco does not have standing to bring any claims in this

15    action. Syngenta is incorrect and the Court should not ignore Danisco's claims in this action.

16        Syngenta erroneously contends that to have standing to bring an action for declaratory

17    relief with respect to the enforceability of a contract or written instrument under California Code

18    of Civil Procedure ("C.C.P.") section 1060, the plaintiff must either be a contracting party or an

19    "interested party" to the contract or written instrument at issue. In its Notice of Removal,

20    Defendant quotes only a small portion of the statute in support of its assertion that C.C.P. section

21    1060 is limited to what it refers to as an "interested party." *See* Notice of Removal, ¶10. The

22    statute is not so limited and indeed confers standing on persons whose rights would be directly

23    affected by the outcome of the controversy about the enforceability or validity of the contract at

24    issue. The language of the statute itself makes clear that it is not limited to parties to the contract

25    or even "interested parties" as Syngenta asserts. Section 1060 provides:

26          "[a]ny person interested under a . . . contract, **or who desires a declaration of his or rights or duties with respect to another** . . .,

27          may, in cases of actual controversy **relating to** the legal rights and duties of the respective parties, bring an original action . . . in the

28          superior court for a declaration of his or rights and duties . . .,

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,      - 6 -
Case No.  C08 02732 JW

23203\1616520.1

1  **including a determination of any question of construction or validity arising under the [] contract**."

2

3  Cal. Code Civ. Proc. § 1060 [emphasis added].

4      As the California appellate courts have recognized, C.C.P. section 1060 "does not require

5  that plaintiffs and defendants be parties to, or that plaintiffs be interested under, a legal instrument

6  as a predicate to plaintiffs maintaining a declaratory relief action." *Olson v. Toy*, 46 Cal. App. 4th

7  818, 824-826 (1996). Indeed, plaintiffs have standing to pursue a declaratory relief action if their

8  allegations show their rights are directly affected by the controversy with respect to the

9  interpretation or validity of the contract or written instrument at issue. *See id.* at 285; *see also*

10 *Sperry and Hutchinson Co. v. California State Board of Pharmacy*, 241 Cal. App. 2d 229 (1966)

11 ("allegations of respondent's complaint show that it is directly affected by the board's regulation,

12 and hence that respondent has standing to challenge its validity [pursuant to section 1060]").

13 Here Danisco's rights are directly affected by the controversy at issue in this case – the essence of

14 which is whether Danisco can or cannot employ Mr. LeFebvre.

15     The broader scope of C.C.P. section 1060 is demonstrated by the factual situations in the

16 *Olson* and *Sperry and Hutchinson* cases. In *Olson*, the plaintiff, who was an heir entitled to

17 inherit a portion of the estate under the terms of the decedent's will, sought a declaration that the

18 trust protecting the decedent's assets was invalid and unenforceable because it was executed

19 when the decedent lacked sufficient mental capacity. 46 Cal. App. 4th at 821. The trustee

20 demurred to the complaint on the grounds the heir was not a beneficiary of the trust and thus, had

21 no standing to maintain an action for a declaration of rights and duties under the trust document.

22 *Id.* The Court ruled against the trustee: "The fact that plaintiffs were not 'interested under' the

23 trust instrument does not prevent them from maintaining an action for declaratory relief as to the

24 validity of the trust. Validity of the trust directly affects plaintiffs' legal rights to property under

25 decedent's will." *Id.* at 825.

26     Similarly, in *Sperry and Hutchinson*, the State Board of Pharmacy passed a regulation

27 barring pharmacists from giving away certain trading stamps with drug purchases. 241 Cal. App.

28 2d at 231. Pharmacists purchased the trading stamps, which were redeemable for cash or

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,                - 7 -
Case No. C08 02732 JW

23203\1616520.1

1   merchandise.  *Id.*  Sperry and Hutchinson Company, the manufacturer of the trading stamps,

2   sought a declaration that the State Board of Pharmacy had no authority to issue this regulation.

3   *Id.* at 230.  The Board demurred to Sperry and Hutchinson's complaint, claiming plaintiff was not

4   an "interested person" within the meaning of C.C.P. section 1060.  *Id.* at 231.  The Board argued

5   that Sperry and Hutchinson was not subject to the regulation by the Board, and that the regulation

6   in no way prohibited Sperry and Hutchinson from selling trading stamps to pharmacists.  *Id.* at

7   231-232.  The Court rejected this argument, holding that Sperry and Hutchinson was directly

8   affected by the board regulation and therefore had standing to challenge its validity: "[Sperry and

9   Hutchinson's] interest in the application of [the board regulation] is obvious and direct.  It sells

10  trading stamps to retail merchants.  It has over 900 contracts with pharmacists in this state for the

11  purchase of its product.  If [the board regulation] is enforced, [Sperry and Hutchinson] will

12  effectively be deprived of the benefit and profit to be derived from such contracts."  *Id.* at 232-

13  233.

14         Danisco's rights are directly affected by the outcome of the controversy in this action for

15  declaratory relief.  If Syngenta were correct in its contention that the Restrictive Covenant in Mr.

16  LeFebvre's Agreement were enforceable and barred Danisco from its current employment of

17  Mr. LeFebvre, Danisco would lose a valuable employee, the current Global Director of Marketing

18  for Danisco's Grain Processing Division, and have to attempt to find a replacement.  Danisco's

19  rights to continue to employ Mr. LeFebvre in this important position for a key business unit will

20  be directly affected by the outcome of this controversy.

21         It is irrelevant that Defendant has not sued or threatened suit against Danisco directly – as

22  Defendant admits it has filed suit against Mr. LeFebvre and the relief sought in that action would

23  result in Danisco no longer being able to employ Mr. LeFebvre in his current position.  If

24  Defendant were successful it its effort to enforce the Agreement and Restrictive Covenant

25  contained within it, Danisco would be deprived of the benefit of retaining Mr. LeFebvre as its

26  employee in his current position and injured by the loss of his services and the need to try to find,

27  hire and then train a new Global Director of Marketing.  Danisco's rights will be directly affected

28  by the outcome of the controversy, which is the subject of this declaratory relief action under

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,           - 8 -                                    23203\1616520.1
Case No.  C08 02732 JW

1   C.C.P. section 1060.  *Olson v. Toy*, 46 Cal. App. 4th 818, 824-826 (1996).  *See also Cleveland*

2   *Bd. of Educ. v. Loudermill*, 470 U.S. 532, 544 (1985) (acknowledging the benefit an employer

3   receives from its employee's labor, especially when the employer is able to retain a qualified

4   employee, rather than train a new one).

5        Moreover, the instant case is readily distinguishable from each of the two cases Defendant

6   cites in support of its claim that Danisco lacks standing to pursue this declaratory relief action.  In

7   *Infinet Mktg. Servs. v. Am. Motorist Ins. Co.*, 150 Cal. App. 4th 168 (2007), the Court decided a

8   narrow coverage issue in the insurance context.  Plaintiff, who was neither an insured nor an

9   intended beneficiary, sought a judicial declaration that it was a third party beneficiary of a

10  workman's compensation policy.  *Id.* at 174.  The Court determined that the plaintiff lacked

11  standing because it would only gain a "tangential benefit" if coverage existed for certain third

12  parties.  *Id.* at 181.

13       In *Douglas v. Don King Productions, Inc.*, 736 F. Supp. 223, 224 (D. Nev., 1990), a

14  famous boxer entered into a contract with the defendant that gave the defendant the exclusive

15  rights to promote all of the boxer's fights for three years.  Before the end of the three year term,

16  the boxer began negotiating with a hotel to conduct a fight without involving his promoter.  *Id.*

17  The negotiations resulted in an agreement with several major contingencies, including a waiver of

18  all rights by his promoter or a court order declaring the contracts between the boxer and his

19  promoter unenforceable.  *Id.*  The boxer, his manager and the hotel sued the promoter for

20  declaratory relief.  The Court determined the hotel did not have standing because of the remote

21  and speculative prospect of any harm to it:  "[The hotel] is in the same posture as other **would-be**

22  **promoters** who would like to promote [the boxer's] next fight.  Since the contingencies in [the

23  agreement between the hotel and the boxer] may never occur, the contract is **too speculative to**

24  **constitute an actual or threatened injury cognizable at this time** in this declaratory judgment

25  action."  *Id.* [emphasis added].

26       In contrast to *Infinet Marketing* and *Douglas*, there is nothing "speculative" or remote

27  about the injury to Danisco if Defendant is permitted to enforce the Agreement or Restrictive

28  Covenant.  Danisco is presently employing Mr. LeFebvre in an important position - as the Global

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,          - 9 -                    23203\1616520.1
Case No.  C08 02732 JW

1   Director of Marketing of its Grain Processing Division.  If Syngenta were able to enforce the

2   broad Restrictive Covenant in the Agreement, Danisco would be precluded from employing Mr.

3   LeFebvre in that position any longer.  There are no contingencies to be resolved here, nor is there

4   anything "tangential" or indirect about the benefit that will accrue to Danisco by retaining Mr.

5   LeFebvre, who is a qualified and experienced professional, as its employee.  Given these critical

6   distinctions between the instant case and *Infinet Marketing* and *Douglas*, the latter are simply

7   inapposite.

8       **D.   Plaintiffs Should Recover Their Costs And Actual Expenses, Including Attorney**
        **Fees, Incurred As A Result Of Removal Because Defendant Had No Objectively**
9       **Reasonable Basis To Remove This Case To Federal Court.**

10          Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. section

11  1447(c) where the removing party lacked an objectively reasonable basis for seeking removal.

12  *See Martin, supra*, 546 U.S. at 141; *Patel, supra*, 446 F.3d at 999.  At the time of removal,

13  Defendant knew or should have known that the removal statute is strictly construed and that a

14  court must reject federal jurisdiction if there is any doubt as to whether removal was proper.  *See,*

15  *e.g., Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 685 (9th Cir. 2006); *Duncan v. Stuetzle,* 76

16  F.3d 1480, 1485 (9th Cir. 1996).  Defendant sought to remove this action on the basis of diversity

17  jurisdiction by improperly attempting to ignore Danisco's citizenship.  There was no objectively

18  reasonable basis for removal here and an award of costs and fees is warranted.  Accordingly,

19  Plaintiffs request that the Court award them costs and fees incurred as a result of removal.  *See*

20  Morando Decl., ¶¶ 3-4.

21  **V.    CONCLUSION**

22          For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order (1)

23  remanding this action to Santa Clara County Superior Court, where it originally was filed, and (2)

24  requiring Defendant to pay Plaintiffs' costs and actual expenses incurred as a result of removal.

25  Dated: June 30, 2008                          FARELLA BRAUN & MARTEL LLP

26                                                By:_____/s/_____
                                                      James W. Morando

27                                                Attorneys for Plaintiffs
28                                                GREG LEFEBVRE and DANISCO US INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOT. OF MOT, MOTION, AND MPA ISO
PLAINTIFFS' MOTION FOR REMAND,
Case No.  C08 02732 JW

- 10 -

23203\1616520.1

James W. Morando (State Bar No. 087896)
Monali Sheth (State Bar No. 239511)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
jmorando@fbm.com
lroche@fbm.com

Attorneys for Plaintiffs
GREG LEFEBVRE and DANISCO US INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREG LEFEBVRE and DANISCO US INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>SYNGENTA BIOTECHNOLOGY, INC.,<br><br>Defendant. | Case No.  C08 02732 JW<br><br>**DECLARATION OF JAMES W. MORANDO IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND**<br><br>Hearing Date:  October 20, 2008<br>Time:  9:00 a.m.<br>Courtroom:  8<br>Judge:  Hon. James Ware |

I, James W. Morando, declare:

1.     I am an attorney licensed to practice law in the State of California and a partner in the firm of Farella Braun & Martel LLP ("Farella"), counsel for Plaintiffs Greg LeFebvre and Danisco US Inc. (collectively "Plaintiffs") in this action.  I have personal knowledge of the facts set forth below and, if called upon to do so, could and would testify competently thereto.

2.     Attached hereto as Exhibit A is a true and correct copy of  the order from the North Carolina state court, denying the application of Defendant Syngenta Biotechnology, Inc. for a temporary restraining order.

3.     To prepare this motion to remand, I was assisted by Monali S. Sheth, an associate attorney at Farella who worked under my supervision.  To date, Ms. Sheth has spent a total of 15

DECLARATION OF J.MORANDO IN
SUPPORT OF PLAINTIFFS' MOTION FOR
REMAND

23203\1619958.1

1  hours doing the research, initial drafting and preparation of this motion to remand and the

2  supporting papers.  I have spent a total of 3.5 hours in connection with the preparation of the

3  motion, including to review, edit and supervise the preparation of the motion and supporting

4  papers.

5      4.      My current standard hourly billing rate is $660 and the current standard hourly

6  billing rate for Ms. Sheth is $335.    These are the hourly rates being charged to Plaintiffs for our

7  work on this case and for the preparation of this motion to remand.  True copies of my current

8  professional biography, and that of Ms. Sheth, which appear on our firm's website are attached

9  hereto as Exhibits B and C, respectively.

10      5.      Thus, to date Plaintiffs have incurred $7,335 in attorney's fees in connection with

11  this motion to remand.  It is anticipated that additional time and expenses will likely be incurred

12  by Plaintiffs in connection with this motion to remand for the preparation of a reply brief and to

13  appear at a hearing on the motion.  We will submit a supplemental declaration with respect to any

14  such further fees and expenses at a later time.

15      I declare under penalty of perjury under the laws of the United States of America that the

16  foregoing is true and correct and that this declaration was executed this 30th day of June, 2008 at

17  San Francisco, California.

18

19                                          /s/
                                    _____
                                        James W. Morando

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DECLARATION OF J.MORANDO IN
SUPPORT OF PLAINTIFFS' MOTION FOR          - 2 -
REMAND

23203\1619958.1

1   hours doing the research, initial drafting and preparation of this motion to remand and the

2   supporting papers. I have spent a total of 3.5 hours in connection with the preparation of the

3   motion, including to review, edit and supervise the preparation of the motion and supporting

4   papers.

5           4.      My current standard hourly billing rate is $660 and the current standard hourly

6   billing rate for Ms. Sheth is $335.    These are the hourly rates being charged to Plaintiffs for our

7   work on this case and for the preparation of this motion to remand. True copies of my current

8   professional biography, and that of Ms. Sheth, which appear on our firm's website are attached

9   hereto as Exhibits B and C, respectively.

10          5.      Thus, to date Plaintiffs have incurred $7,335 in attorney's fees in connection with

11  this motion to remand. It is anticipated that additional time and expenses will likely be incurred

12  by Plaintiffs in connection with this motion to remand for the preparation of a reply brief and to

13  appear at a hearing on the motion. We will submit a supplemental declaration with respect to any

14  such further fees and expenses at a later time.

15          I declare under penalty of perjury under the laws of the United States of America that the

16  foregoing is true and correct and that this declaration was executed this 30th day of June, 2008 at

17  San Francisco, California.

18

19                                                          _____
                                                                    James W. Morando
20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA. 94104
(415) 954-4400

DECLARATION OF J.MORANDO IN
SUPPORT OF PLAINTIFFS' MOTION FOR           - 2 -                    23203\1619958.1
REMAND

# EXHIBIT A.

STATE OF NORTH CAROLINA      FILED IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

COUNTY OF WAKE      2008 MAY 16  AM 10: 37      08 CVS 8376

WAKE COUNTY, C.S.C.

BY

| | | |
|---|---|---|
| SYNGENTA BIOTECHNOLOGY, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING** |
| | ) | **TEMPORARY RESTRAINING ORDER** |
| GREG LEFEBVRE, | ) | |
| Defendant. | ) | |
| | ) | |

THIS CAUSE coming before the Court upon Plaintiff's request in its Verified Complaint for a Temporary Restraining Order against Defendant, and both parties having appeared through counsel before the undersigned Superior Court Judge at a hearing on Plaintiff's request for a Temporary Restraining Order on May 14, 2008, and the Court having considered Plaintiff's Verified Complaint and Defendant's Verified Response to Plaintiff's Request for a Temporary Restraining Order, and the Court having heard arguments from the parties' counsel,

The Court finds and concludes that, pursuant to N.C. Gen. Stat. § 1A-1, Rule 65, Plaintiff has not met its burden to show there is a reasonable likelihood it will succeed on the merits of its claims against Defendant upon which its request for a Temporary Restraining Order are based, and, therefore,

IT IS ORDERED that Plaintiff's request for a Temporary Restraining Order against Defendant is DENIED.

SO ORDERED this _15th_ day of May, 2008.

Honorable Michael R. Morgan
Superior Court Judge

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the foregoing Order Denying Temporary Restraining Order entered in the above-captioned action upon counsel for the Plaintiff by placing a copy of the same in the U.S. Mail, postage prepaid, addressed to the following person at the following address.

M. Todd Sullivan                                                 **VIA U.S. MAIL**
Womble Carlyle Sandridge & Rice
2100 First Union Capital Center
150 Fayetteville Street
p.o. Box 831
Raleigh, NC 27602

**Counsel for Plaintiff**

This the _16th_ day of May, 2008.

POYNER & SPRUILL LLP

By: _____
Louis B. Meyer III
N.C. Bar No. 11016
P.O. Box 10096
Raleigh, NC  27605-0096
Telephone:  919-783-6400
Facsimile:  919-783-1075

**Counsel for Defendant**

# EXHIBIT B.



print | close



**JAMES W. MORANDO**

**Partner**
T: 415.954.4457
F: 415.954.4480
jmorando@fbm.com

James Morando is a senior trial partner who has a diverse litigation practice with a particular emphasis in technology, intellectual property and other complex litigation.  Founder of the firm's Intellectual Property Litigation Practice Group, Mr. Morando's varied experience includes patent, antitrust, copyright, trademark, trade secret, internet, software, computer performance, and other technology and licensing-related litigation.

Trusted by clients for 30 years, James Morando is well known for his special talents in translating the complicated, technical, and/or the scientific into a compelling language that is understood by juries and judges.  He is chosen to serve as primary counsel repeatedly for his wise judgment, strategic skills, and his ability to manage the financial aspects of a case that result in winning solutions.   To his clients he is a trusted advisor, a financially perceptive case evaluator, and a highly effective litigation strategist.

Mr. Morando has tried numerous cases in both federal and state courts, as well as in complex arbitration proceedings.  He also has extensive experience in handling numerous multi-party mediations and related ADR proceedings.  He has a nationwide practice and is admitted to practice before the Federal and Ninth Circuit Court of Appeals, and the United States Supreme Court.

**EDUCATION**

J.D., Boalt Hall School of Law, University of California, Berkeley; Associate Editor, *California Law Review*

Judicial Extern to Judge Stanley A. Weigel

A.B., Economics, University of California, Berkeley

**ADMITTED TO PRACTICE**

California

# EXHIBIT C.



print | close



**MONALI S. SHETH**

**Associate**
T: 415.954.4915
F: 415.954.4480
msheth@fbm.com

Monali Sheth is an associate in Farella Braun + Martel's Business Litigation practice group. Ms. Sheth represents clients in a variety of complex civil litigation in state and federal court. Her practice covers breach of contract, business tort, employment discrimination, insurance coverage, products liability, and unfair competition.

Ms. Sheth also maintains an active pro bono practice, which includes representation of a young Salvadoran woman seeking asylum and an immigrant mother in child custody proceedings.

Ms. Sheth serves on the firm's Diversity Committee. She also serves on the Civil Rights Committee of the South Asian Bar Association of Northern California and is a member of the Lawyers Council of the ACLU Foundation of Northern California.

In law school, Ms. Sheth participated in the Boalt Hall Death Penalty Clinic and the California Asylum Representation Clinic. She also served as an extern for the Honorable Judge Laura Taylor Swain, United States District Court Judge for the Southern District of New York.

Ms. Sheth is proficient in Spanish.

**EDUCATION**

J.D., University of California, Berkeley, Boalt Hall School of Law, 2005

M.Sc., Distinction, London School of Economics and Political Science, Nationalism and Ethnicity, European Institute, 2001

B.A., Highest Honors, High Distinction in General Scholarship, University of California, Berkeley, 2000

**ADMITTED TO PRACTICE**

California

1  James W. Morando (State Bar No. 087896)
   Monali Sheth (State Bar No. 239511)
2  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
3  San Francisco, CA  94104
   Telephone:  (415) 954-4400
4  Facsimile:  (415) 954-4480
   jmorando@fbm.com
5  lroche@fbm.com

6  Attorneys for Plaintiffs
   GREG LEFEBVRE and DANISCO US INC.
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12  GREG LEFEBVRE and DANISCO US        Case No.  C08 02732 JW
    INC.,
13                                      **[PROPOSED] ORDER GRANTING**
              Plaintiffs,               **PLAINTIFFS' MOTION FOR REMAND__**
14
         vs.
15
    SYNGENTA BIOTECHNOLOGY, INC.,
16
              Defendant.
17

18

19        This motion of Plaintiffs Greg LeFebvre and Danisco US Inc.("Danisco") (collectively

20  "Plaintiffs") for remand came on for hearing in Courtroom 8 of this Court on _____, 2008.

21  Having read and considered the motion, the memoranda of points and authorities, supporting

22  declarations and papers filed by the parties, and having heard argument of counsel,

23        IT IS HEREBY ORDERED that the motion for remand made pursuant to 28 U.S.C.

24  section 1447 is GRANTED.  Accordingly, the above-captioned matter is remanded to Santa Clara

25  County Superior Court, where it was originally filed.  Furthermore, because Defendant's removal

26  /////

27  /////

28  /////

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR REMAND - Case No.  C08 02732 JW                    23203\1616521.1

1    was objectively unreasonable, Plaintiffs shall recover from Defendant their costs and actual

2    expenses, including attorney's fees, incurred as a result of removal in the amount of $ _____.

3        **IT IS SO ORDERED.**

4

5    Dated: _____, 2008

6

7                                                    _____
                                                     THE HONORABLE JAMES WARE
8                                                    UNITED STATES DISTRICT COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR REMAND - Case No.  C08 02732 JW

- 2 -

23203\1616521.1