1  RODGER R. COLE (CSB NO. 178865)
   rcole@fenwick.com
2  KIMBERLY I. COLE (CSB NO. 238839)
   kculp@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:   (650) 988-8500
   Facsimile:   (650) 938-5200
6
   Attorneys for Defendant
7  SYNGENTA BIOTECHNOLOGY, INC.

8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12

| | |
|---|---|
| 13  GREG LeFEBVRE and DANISCO US INC., | Case No. 5:08-cv-02732-JW |
| 14                       Plaintiff, | **DEFENDANT SYNGENTA BIOTECHNOLOGY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS DANISCO AND TO STAY PROCEEDINGS** |
| 15  v. | |
| 16  SYNGENTA BIOTECHNOLOGY, INC., | Date:       October 20, 2008 |
| 17                       Defendant. | Time:       9:00 a.m. |
| 18 | Judge::      The Honorable James Ware |
| | Courtroom:   8 |

19

20                     **NOTICE OF MOTION**

21       **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

22       PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 12(c) and

23  Local Rule 7-1, on October 20, 2008 at 9:00 a.m., or as soon thereafter as the matter may be

24  heard, at the United States District Court for the Northern District of California, 280 South First

25  Street, San Jose, California in the courtroom of the Honorable James Ware, Defendant Syngenta

26  Biotechnology, Inc. ("Syngenta") will and hereby does move the Court for an order dismissing

27  Danisco US Inc. ("Danisco") from the case and for an order that all further proceedings in the

28  case be stayed until resolution of the pending parallel state court proceeding in North Carolina.

1  This Motion is based upon this Notice, the Memorandum of Points and Authorities, the
2  Declaration of Rodger R. Cole in support of this motion, and such other matters as may be
3  presented to the Court in connection with the hearing on the Motion.

## INTRODUCTION

5  This lawsuit is an attempted subterfuge of a bargained-for agreement that Plaintiff Greg
6  LeFebvre ("LeFebvre") entered into with his former employer Syngenta. Knowing that the
7  agreement he willingly entered into might be enforced by a court in North Carolina, LeFebvre
8  decided to try his luck in California. Thus, on the same day that he notified Syngenta of his
9  resignation, he also filed this lawsuit. He did not, however, act alone.

10  Danisco, LeFebvre's new employer, assisted LeFebvre in his attempt to avoid the contract
11  by joining in LeFebvre's state court action. However, Danisco brings no claim of its own.
12  Rather, Danisco seeks declaratory relief based on a contract to which it was not a party, is not a
13  beneficiary and on which it has alleged no injury of its own. In the absence of any of these
14  allegations, Danisco cannot be heard to complain about the agreement that Syngenta and
15  LeFebvre entered into. Therefore, Danisco fails to state any claim for relief.

16  Because this lawsuit is an attempt to avoid resolution of this dispute in North Carolina, the
17  Court should defer to the Superior Court of the State of North Carolina and stay this action.
18  Syngenta has filed its own lawsuit against LeFebvre in the Superior Court of the State of North
19  Carolina to enforce the agreement that LeFebvre entered into. That court has already heard
20  arguments on the merits of the case and it is in the best position to resolve the entire dispute
21  between the parties. Thus, the Court should stay this action pending resolution of the lawsuit in
22  North Carolina.

## MEMORANDUM OF POINTS AND AUTHORITIES

24  Syngenta respectfully submits the following memorandum in support of its motion to
25  dismiss Danisco and to stay further proceedings in this case.

## STATEMENT OF ISSUES

27  1.  Whether Danisco may seek declaratory relief against Syngenta.
28  / / /

2. Whether the Court should stay further proceedings in favor of the pending parallel state court action.

**STATEMENT OF FACTS**

For purposes of Syngenta's motion to dismiss Danisco, the Court should assume as true the allegations of fact in the Complaint.[1] LeFebvre and Danisco allege the following facts in support of their Complaint:

- From August 2006 until April 2008, LeFebvre was employed by Syngenta as Business Director, Bioprocessing at Syngenta's offices in Research Triangle Park, North Carolina.

- At the time LeFebvre began employment with Syngenta he was required to sign an Agreement Concerning Confidentiality, Proprietary Rights and Restrictive Covenants (the "Agreement").

- LeFebvre accepted employment with Danisco at Danisco's offices in Palo Alto, California.

- Syngenta has threatened to enforce the Agreement against LeFebvre.

The Court may also consider facts not alleged in the complaint for purposes of deciding Syngenta's motion to stay. *See, e.g., Google, Inc. v. Microsoft Corp.*, 415 F. Supp. 2d 1018, 1019-20 (N.D. Cal. 2005) (considering declarations submitted in support of and opposition to motion to stay). On May 1, 2008, and just a few hours after notifying Syngenta of his immediate resignation, LeFebvre and Danisco filed this action in California superior court. (Declaration of Rodger R. Cole in Support of Defendant Syngenta Biotechnology, Inc.'s Motion to Dismiss Danisco and to Stay Proceedings ("Cole Decl."), Complaint Ex. 1 at 2.)

Syngenta filed a complaint against LeFebvre on May 12, 2008 in the Superior Court of the State of North Carolina to enforce the Agreement. (*Id.* at 1.) On May 14, 2008 the Superior Court of North Carolina heard arguments on Syngenta's request for a temporary restraining order.

---

[1] Under Federal Rule of Civil Procedure 12(c), the Court takes all facts alleged in the complaint as true and determines whether the plaintiff is entitled to legal remedy. *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005). Rule 12(c) is "substantially identical" to Rule 12(b)(6). *Id.*

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(Cole Decl. ¶ 3.) The Court, after considering arguments by both parties, denied the temporary restraining order on May 16, 2008. (*Id.*) Syngenta plans to file a motion for a preliminary injunction, which will likely be noticed for a hearing on or about August 4, 2008. (Cole Decl. ¶ 5.)

On June 12, 2008 LeFebvre moved to dismiss Syngenta's North Carolina action on the basis that the Agreement is void and unenforceable. (*Id.* ¶ 4.) The Superior Court of North Carolina will likely hear that motion on or about August 4, 2008. (*Id.*)

## ARGUMENT

### I.   DANISCO FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF AGAINST SYNGENTA

The defense that a party has failed to state a claim is never waived and may be brought under Rule 12(c) if not brought as a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(h). Danisco fails to state a claim for declaratory relief against Syngenta because Danisco has no legal interest in the contract and Syngenta has not threatened Danisco with a lawsuit based on the Agreement.

Danisco is not a party to the Agreement and so it has no legal interest in its enforcement. *See Mardian Equip. Co. v. St. Paul Fire*, No. CV-05-2729-PHX-DGC, 2006 U.S. Dist. LEXIS 60213, at *16 (D. Ariz. Aug. 22, 2006) (because there was no privity of contract between the plaintiff and defendant and plaintiff was not an intended beneficiary, plaintiff lacked standing to pursue declaratory judgment action to interpret a contract). Because Danisco has no legal interest in the enforcement of the contract it may not seek a declaration that it is unenforceable. *Id.; see also, Infinet Mktg. Servs., Inc. v. Am. Motorist Ins. Co.*, 150 Cal. App. 4th 168, 181 (Cal. Ct. App. 2007) (even though plaintiff would tangentially benefit from enforcement of contract, court held no standing under Cal. Civ. P. section 1060 because plaintiff was neither a party to the contract nor an intended beneficiary); *Douglas v. Don King Prods., Inc.*, 736 F. Supp. 223, 224 (D. Nev. 1990) ("Generally, a plaintiff can assert only his own legal interests and not those of third parties.").

In *Douglas*, the court considered a whether a promotion contract entered into between a boxer, Buster Douglas, and a promotional agency, Don King Productions, was enforceable. 736 F. Supp. at 224. The Mirage, a business interested in promoting Douglas' fights, joined in

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

the case and also sought a declaration that Douglas' contract with Don King Production was unenforceable. *Id.* In responding to Don King Productions' challenge that The Mirage lacked standing to pursue its claim of unenforceability, The Mirage claimed that "if the Douglas-DKP contract is unenforceable, it would have an opportunity to promote Douglas' next fight, thus it has alleged a personal stake in the matter." *Id.* The Court disagreed. Not only was The Mirage not attempting to assert its own legal interests but Douglas, the party whose interests in the enforceability of the contract were at stake, had already taken steps of his own to protect those interests. *Id.* at 224-225. Thus, the Court dismissed The Mirage.

Similarly, here, Danisco should be dismissed from this case. Danisco does not assert legal interests of its own. Rather, it is LeFebvre's interests that are at stake. The Complaint alleges that "Mr. LeFebvre will be injured if the [Agreement] is enforced because he will be deprived of the ability to undertake employment and earn a living in California." (Cole Decl., Complaint, Ex. 3 at 5.) Danisco, on the other hand, has alleged no legal interests of its own to protect. (*See id.*) Moreover, LeFebvre has taken the steps necessary to protect his own legal interests. He has filed this action and has moved to dismiss the action pending in North Carolina.

Courts have also permitted declaratory relief actions to declare contracts unenforceable when the defendant has threatened the plaintiff with suit based on the relevant contract. *See*, *De La Hoya v. Top Rank, Inc.*, No. CV 00-9230-WMB, CV 00-10450-WMB, 2001 U.S. Dist. LEXIS 25816, at *49 (C.D. Cal. Feb. 6, 2001) ("The declaratory judgment procedure was expressly intended to confer standing upon persons threatened with suit."). However, the Complaint contains no allegation that Syngenta threatened Danisco with a lawsuit.

The Court should find that Danisco's declaratory judgment action against Syngenta fails to state a claim for which it is entitled to relief.

## II. THE COURT SHOULD STAY THE PRESENT ACTION IN FAVOR OF THE PENDING PARALLEL STATE COURT PROCEEDING INVOLVING THE SAME ISSUES AND PARTIES

LeFebvre seeks declaratory relief in California in an attempt to circumvent the forum best situated to resolve the entire dispute over the enforceability of the Agreement – North Carolina.

1  Jurisdiction over a declaratory relief action is permissive and should generally not be
2  exercised when there is an already-pending parallel state court proceeding involving the same or
3  similar issues, the same parties, and issues of state law.[2] *See, Wilton v. Seven Falls Co.*, 515 U.S.
4  277, 288 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). In *Wilton*, the
5  Supreme Court clarified that a District Court has discretion to decide whether to exercise
6  jurisdiction in an action for declaratory relief. 515 U.S. at 289-90. The Ninth Circuit has held
7  that there is a presumption in favor of allowing the entire suit to be heard in state court when there
8  are parallel state proceedings involving the same issues and parties as the federal action. *See*
9  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

10  Thus, in determining whether to grant a motion to stay under *Brillhart*, a District Court
11  "should ascertain whether the questions in controversy between the parties…can better be settled
12  in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. District courts in the
13  Ninth Circuit routinely grant motions to stay declaratory judgment actions brought to determine
14  the enforceability of covenants not to compete when there are pending state actions. *See Google,*
15  *Inc.*, 415 F. Supp. 2d at 1026 (granting motion to stay where there was a pending case in
16  Washington); *DeFeo v. The Procter & Gamble Co.*, 831 F. Supp. 776, 780 (N.D. Cal. 1993); *see*
17  *also Schmitt,* 2001 U.S. Dist. LEXIS 7089, at *8 (dismissing declaratory judgment action because
18  of pending parallel state court action).

19  **A.  There is a Parallel State Court Proceeding in North Carolina Which Obviates the Need to Allow this Action to Continue**
20  

21  Here, there is an already pending state court action which will fully resolve the entire
22  dispute between the parties. Syngenta has filed a state court action in North Carolina against
23  LeFebvre to enforce the very same contract that LeFebvre claims, in this case, is unenforceable.

---

[2] Plaintiffs filed their complaint for declaratory relief in state court under California Code of Civil Procedure Section 1060, which is California's declaratory relief statute. Although Syngenta removed this action to federal court based on the claimed diversity of citizenship of the parties, this action remains one for declaratory relief and raises a procedural question now governed by federal law. *See*, *Google*, 415 F. Supp. 2d at1020-12; *Schmitt v. JD Edwards World Solutions Co.*, No. C 01-1009 VRW, 2001 U.S. Dist. LEXIS 7089, at *1 (N.D. Cal. May 18, 2001).

(Cole Decl. Ex. 1.) LeFebvre has responded in his motion to dismiss filed in the North Carolina action that the Agreement is *unenforceable*. (Cole Decl., Defendant's Motion to Dismiss or, in the Alternative, to Stay Plaintiff's Action, Ex. 2 at 2.) Thus, the North Carolina action will resolve the entirety of the dispute between Syngenta and LeFebvre. Moreover, to the extent that LeFebvre argues that the actions are not "parallel" because of any dispute over the applicable law, Syngenta is aware of nothing that prevents LeFebvre from arguing that a North Carolina court would apply California law. *See Google*, 415 F. Supp. 2d at 1025-26 (because nothing prevented Google from arguing that California law would apply, the proceedings in California and Washington were "parallel"; motion to stay proceeding in California granted). Thus, the California and North Carolina actions are "parallel."

### B. The Facts Support the Conclusion that the North Carolina Court is Well-Situated to Resolve this Dispute

There are several factors that courts in the Northern District of California have found persuasive in deciding to grant a defendant's motion to stay the pending action. Those include whether the plaintiff was engaged in forum shopping (*see DeFeo*, 831 F. Supp at 778), whether the parallel state court proceeding has made more progress than the federal action (*see Google*, 415 F. Supp. 2d at 1021-22), and whether the state action is broader than the federal action (*see Schmitt*, 2001 U.S. Dist. LEXIS 7089, at *7). As discussed, *supra*, the North Carolina action will resolve the parties' entire dispute and is, thus, a broader action than this one for a declaratory judgment. This factor favors granting a stay of the present action. The other factors also weigh in favor of the Court granting Syngenta's motion to stay.

#### 1. LeFebvre Sought to Secure a More Favorable Forum by Filing Suit in California

The Court can find that LeFebvre was engaged in forum shopping even though he was the first to file. *See DeFeo*, 831 F. Supp at 778.

In *DeFeo*, for example, the District Court declined jurisdiction over a non-compete case filed by a former employee, citing the *Brillhart* presumption and its "underlying rationales." *Id.* at 780. Procter & Gamble cautioned its former Ohio-based employee that he would be sued if he

violated his non-compete agreement. *Id.* at 777. The employee promptly filed suit for declaratory relief in California, seeking to have his non-compete agreement invalidated on public policy grounds under California law. *Id.* The following day, Procter & Gamble sued in Ohio state court, seeking injunctive relief. *Id.* As here, the two actions involved the identical issue: whether the non-compete agreement was enforceable or not. *Id.* Procter & Gamble moved to dismiss or transfer the employee's declaratory relief action, pending the outcome of the Ohio state court action. *Id.* The *DeFeo* court agreed that Ohio was the more appropriate forum, and specifically noted that the declaratory relief action was filed only "to secure a California forum" and was a "mirror image" of the pending Ohio action. *Id.* at 778.

Similarly, in *Schmitt*, the employee was the first to file yet the Court found that the employee was engaged in forum shopping and dismissed the action altogether. *Schmitt,* 2001 U.S. Dist. LEXIS 7089, at *3-4, 8. JD Edwards informed its former employee Schmitt that it intended to file a state court action in Colorado against him, alleging breach of his employment contract based upon Schmitt's stated intention to join a California competitor. *Id.* at *6. Anticipating the lawsuit, Schmitt (assisted by his new employer) filed suit in a California state court for declaratory relief that his employment agreement was not valid. *Id.* Later that same day, JD Edwards filed its lawsuit in Colorado as planned. *Id.* The Court dismissed the California action, noting that when "the court determines that the declaratory suit is a preemptive suit meant to deprive the natural plaintiff of the forum of his choice, the court should dismiss or stay the declaratory suit." *Id.* at *4. The Court noted that this course of action prevents forum shopping by a plaintiff who files for declaratory relief not out of a bona fide need for court relief but as a strategy to gain a tactical advantage. *Id.*

Here, LeFebvre, with his new employer Danisco filed this declaratory judgment action in California *within hours* of tendering his immediate resignation to Syngenta in North Carolina. (Cole Decl., Ex. 1 at 2.) The inescapable conclusion is that in so filing, LeFebvre intended to secure the benefit of a California forum, notwithstanding the dispute's obvious connection to North Carolina. Thus, this case is similar to both *DeFeo* and *Schmitt* and this factor weighs in favor of granting Syngenta's motion to stay.

### 2. The North Carolina Case Has Progressed Farther Than This Case

When the state court proceeding has already started to consider the evidence at issue, allowing the federal action to proceed may be a waste of resources. *See Google*, 415 F. Supp. 2d at 1021-22.

Here, it would be a waste of judicial resources to allow this case to continue. This case is in its infancy, whereas the North Carolina court has already started to resolve the disputed legal and factual questions. The only actions taken in this case have been Syngenta's removal of the action to the Northern District of California and this present motion.

However, the Court in North Carolina has already heard and ruled upon Syngenta's motion for a temporary restraining order. (Cole Decl. ¶ 3.) That court also has pending before it LeFebvre's motion to dismiss for failure to state a claim and it will also have Syngenta's motion for a preliminary injunction to decide on or about August 4, 2008. (Cole Decl. ¶¶ 4-5.) Thus, by the time the Court has an opportunity to consider Syngenta's motion to dismiss the North Carolina court will have already considered much of the salient factual and legal arguments. Therefore, the Court should stay the case until resolution of the action in North Carolina.

### **CONCLUSION**

Syngenta respectfully request the Court grant its motion to dismiss Danisco from this action and requests the Court stay the present action in favor of the parallel state court proceeding in North Carolina.

Dated: June 30, 2008                              FENWICK & WEST LLP


By:      */s/ Rodger R. Cole*
Rodger R. Cole
Attorneys for Defendant
SYNGENTA BIOTECHNOLOGY, INC.

*1286048*

1  RODGER R. COLE (CSB NO. 178865)
   rcole@fenwick.com
2  KIMBERLY I. CULP (CSB NO. 238839)
   kculp@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:     (650) 988-8500
   Facsimile:      (650) 938-5200
6
   Attorneys for Defendant
7  SYNGENTA BIOTECHNOLOGY, INC.

8
                           UNITED STATES DISTRICT COURT
9
                          NORTHERN DISTRICT OF CALIFORNIA
10
                                  SAN JOSE DIVISION
11

12

13  GREG LeFEBVRE and DANISCO US     Case No.  5:08-cv-02732-JW
    INC.,
14                                   **[PROPOSED] ORDER GRANTING**
              Plaintiff,             **DEFENDANT SYNGENTA**
15                                   **BIOTECHNOLOGY, INC.'S MOTION TO**
    v.                               **DISMISS DANISCO AND TO STAY**
16                                   **PROCEEDINGS**
    SYNGENTA BIOTECHNOLOGY, INC.,
17                                   Date:         October 20, 2008
              Defendant.             Time:         9:00 a.m.
18                                   Judge::       The Honorable James Ware
                                     Courtroom:    8
19

20         Defendant Syngenta Biotechnology, Inc.'s ("Syngenta") Motion to Dismiss Danisco and

21  to Stay Proceedings came on regularly for hearing before this Court on October 20, 2008 at

22  9:00 a.m.  Both Syngenta and plaintiffs Greg LeFebvre ("LeFebvre") and Danisco US Inc.

23  ("Danisco") were represented by counsel.  After full consideration of the briefs in support and in

24  opposition thereto, all other papers submitted in connection therewith, all other matters on file in

25  this action and presented to the Court, and having heard the arguments of counsel,

26  / / /

27  / / /

28  / / /

1  IT IS HEREBY ORDERED that Syngenta's motion to dismiss Danisco is **GRANTED**
2  and the Court orders that all further proceedings in this case are **STAYED** until further order of
3  the Court.
4  IT IS SO ORDERED.

6  Dated: _____, 2008

   The Honorable James Ware
   United States District Judge

   *1287047*

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW