United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Greg LeFebvre, et al., | NO. C 08-02732 JW |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| Syngenta Biotechnology, Inc., | |
| Defendant. | |

## I. INTRODUCTION

Greg LeFebvre ("LeFebvre") and Danisco US, Inc. ("Danisco") (collectively, "Plaintiffs") brought this action in state court against Syngenta Biotechnology, Inc. ("Defendant") seeking declaratory judgment with respect to an employment agreement between LeFebvre and Defendant. Plaintiffs allege that the agreement's non-compete provision is in violation of Cal. Bus. & Prof. Code § 16600. Defendant removed the action to federal court pursuant to 28 U.S.C. § 1441.

Presently before the Court are Plaintiffs' Motion for Remand and for Attorney Fees (hereafter, "Motion to Remand," Docket Item No. 8) and Defendant's Motion to Dismiss Danisco and to Stay Proceedings (hereafter, "Motion to Dismiss," Docket Item No. 9). The Court conducted a hearing on October 20, 2008. Based on the papers submitted to date and oral argument, the Court GRANTS Plaintiffs' Motion for Remand and DENIES Defendant's Motion to Dismiss and to Stay.

## II.  BACKGROUND

In a Complaint filed on May 1, 2008, Plaintiffs allege as follows:

LeFebvre is a citizen of California.  (Defendant's Notice of Removal Under 28 U.S.C. § 1441, Ex. A ¶ 1, hereafter, "Complaint," Docket Item No. 1.)  Danisco is a Delaware corporation with an office in Palo Alto, California.  (Complaint ¶ 2.)  Defendant is a Delaware corporation with its principal place of business in Research Triangle Park, North Carolina.  (Id. ¶ 3.)

From 2006 to 2008, LeFebvre was an employee with Defendant in North Carolina.  (Complaint ¶ 7.)  LeFebvre signed an Agreement Concerning Confidentiality, Proprietary Rights and Restrictive Covenants ("Agreement").  (Id. ¶ 9.)  The Agreement contains a covenant not to compete that prohibits LeFebvre from working for or with any company engaged in any aspect of the "manufacture and/or sale of enzyme products for bioprocessing" in the United States and several other countries.  (Id. ¶ 10.)

Lefebvre was offered and has accepted employment with Danisco.  (Complaint ¶ 11.)  As part of accepting his employment with Danisco, LeFebvre has procured a residence in California.  (Id.)  When LeFebvre submitted his resignation letter to Defendant, Defendant informed him it would take immediate legal action against him.  (Id. ¶ 14.)  Syngenta has threatened to enforce the Agreement against LeFebvre and plans to prevent LeFebvre from being employed at Danisco.  (Id.)

On the basis of the allegations outlined above, Plaintiffs seek a declaration that the Agreement is void and unenforceable in its entirety or, in the alternative, that the non-compete provision of the Agreement is void and unenforceable.  (Complaint at 5.)

On May 12, 2008, Defendant filed a separate action in North Carolina state court seeking injunctive relief against LeFebvre for breach of the Agreement and threatened misappropriation of

trade secrets.[1] On May 30, 2008, Defendant removed this action from the Santa Clara Superior Court to federal court on the ground that Danisco is not a "person interested" in the Agreement under Cal. Code Civ. Proc. § 1060 and thus, its joinder in the LeFebvre state-court complaint is a fraudulent joinder intended to destroy diversity of citizenship.

Presently before the Court are Plaintiffs' Motion to Remand and Defendant's Motion to Dismiss Danisco and Stay proceedings. The Court considers Plaintiffs' motion to remand first since it may be case dispositive.

## III.  STANDARDS

If, prior to final judgment, the district court discovers its lack of subject matter jurisdiction, it must remand the case. 28 U.S.C. § 1447(c). The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Quinones v. Target Stores, 2005 U.S. Dist. LEXIS 31915 (N.D. Cal. 2005). Removal statutes are construed restrictively. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## IV.  DISCUSSION

**A.     Motion to Remand**

Plaintiffs move to remand this action to the Santa Clara Superior Court on the ground that Defendant improperly removed this action based on diversity jurisdiction because Danisco and Defendant are both Delaware corporations. (Motion to Remand at 5.) Defendant opposes Plaintiffs' motion and moves to dismiss Danisco on the ground that Danisco was fraudulently joined purely to obviate diversity jurisdiction. (Motion to Dismiss at 4; Opposition to Plaintiffs' Motion to Remand at 5, hereafter, "Opposition," Docket Item No. 17.)

---

[1] (Declaration of Rodger R. Cole in Support of Defendant Syngenta Biotechnology, Inc.'s Motion to Dismiss Danisco and to Stay Proceedings, hereafter, "Cole Decl.," Ex. A, Docket Item No. 10.)

3

Civil actions not premised upon federal questions are removable to federal court only if there is complete diversity of citizenship between the parties. 28 U.S.C. §§ 1332(a)(1), 1441. Each of the plaintiffs' citizenship must be diverse from each of the defendants'. Caterpillar, Inc. v. Lewis, 519 U.S. 61 (1996). However, if the plaintiff fails to state a cause of action against a non-diverse defendant, and the failure is obvious according to settled state law, joinder of the non-diverse plaintiff is fraudulent and the plaintiff will be ignored for the purposes of determining diversity. McCabe v. General Foods, 811 F.2d 1336, 1339 (9th Cir. 1987).

A defendant is entitled to present facts that prove fraudulent joinder. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing McCabe, 811 F.2d at 1339). A court may also consider summary judgment-type evidence, such as affidavits and deposition testimony. Id. at 1068 (quoting Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995)).

Generally, "[a] 'strong presumption' exists against fraudulent joinder, and all factual disputes and ambiguities in the controlling state law must be resolved in favor of the non-moving party." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). If there is "a non-fanciful possibility that [a] plaintiff can state a claim under California law against [a] non-diverse defendant," then the defendant has not overcome the presumption against fraudulent joinder. Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002). If the defendant cannot prove fraudulent joinder and the federal court lacks jurisdiction, the action is remanded to state court. 28 U.S.C. § 1447(c).

In this case, Defendant contends that Danisco was fraudulently joined because Danisco does not have standing to sue for declaratory relief under Cal. Code Civ. § 1060. (Opposition at 4.)

Under Cal. Code Civ. Proc. § 1060, "[a]ny person interested under a . . . contract, or who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action

4

1 . . . for a declaration of his or her rights and duties . . . ." Whether an action is justiciable under
2 Section 1060 is "a matter entrusted to the sound discretion of the trial court." Application Group,
3 Inc. v. Hunter Group, Inc., 61 Cal. App. 4th 881, 893 (Cal. Ct. App. 1998).

4 The parties disagree on whether, under California law, Danisco is a "person interested under"
5 the Agreement such that it may pursue a declaratory judgment action against Defendant. The Court
6 reviews California law on whether an employer may seek declaratory relief concerning a covenant
7 not to compete between one of its employees and a former employer.

8 Section 1060 "does not require the existence of a legal instrument between parties as a
9 predicate for declaratory relief." Siciliano v. Fireman's Fund Ins. Co., 62 Cal. App. 3d 745, 753
10 (Cal. Ct. App. 1976); see also Olson v. Toy, 46 Cal. App. 4th 818, 824-25 (Cal. Ct. App. 1996).
11 Specifically, in the context of covenants not to compete, California courts have allowed new
12 employers to pursue declaratory judgment actions against former employers pursuant to Cal. Bus. &
13 Prof. Code § 16600, which proscribes "every contract by which anyone is restrained from engaging
14 in a lawful profession, trade, or business of any kind." In Advanced Bionics v. Medtronic, a new
15 employer maintained a declaratory judgment action under Cal. Code Civ. Proc. § 1060 against an
16 employee's former employer. 29 Cal. 4th 697, 700-01 (2002). The central issue addressed by the
17 Supreme Court of California was whether the lower court had properly issued a temporary
18 restraining order enjoining the former employer from proceeding in a Minnesota action to enforce
19 the employee's covenant not to compete. Id. at 700. In reviewing the procedural history of the case,
20 the court explained that the case had been removed under 28 U.S.C. §§ 1332 and 1441, but was
21 remanded by the federal court because "Medtronic, a Minnesota company, purported to rely on
22 diversity jurisdiction, even though it knew Stultz [Medtronic's former employee] was still a
23 Minnesota resident." Id. at 702. Ultimately, the Supreme Court reversed and vacated the temporary
24 restraining order because California's "strong interest in protecting its employees from
25 noncompetition agreements" did not outweigh the interests of "judicial restraint and comity." Id. at
26
27
28

5

1   708. However, the court also held that the new employer remained "free to litigate the California
2   action . . . ." Id.

3   In Application Group v. Hunter Group, the California Court of Appeals held that the trial
4   court did not abuse its discretion by finding a new employer's claims against a former employer
5   pursuant to Cal. Bus. & Prof. Code § 16600 justiciable under Cal. Code Civ. Proc. § 1060. 61 Cal.
6   App. 4th at 893-94. The plaintiffs were a California-based employer and an employee working in
7   Maryland. Id. at 885. The defendant was the Maryland employee's former employer. Id. The
8   plaintiffs sought, *inter alia*, the following declaratory relief: (1) a declaration that the covenant not
9   to compete between the Maryland employee and the defendant was void, (2) a declaration that Cal.
10  Bus. & Prof. Code § 16600 allowed the California-based employer to solicit and hire employees
11  residing outside California despite covenants not to compete with the defendant, and (3) a
12  declaration that the defendant would be precluded from enforcing in California any out-of-state
13  judgment upholding the validity of a covenant not to compete between the defendant and an
14  employee. Id. at 888-89. The court held that the new employer had standing to seek declaratory
15  relief even with respect to contracts that were not between the Maryland employee and the
16  defendant. Id. at 893-94.

17  In this case, Plaintiffs allege that Defendant has threatened to enforce LeFebvre's covenant
18  not to compete and "to try to prevent Mr. LeFebvre from being employed by Danisco." (Complaint
19  ¶ 14.) Plaintiffs seek to void LeFebvre's covenant not to compete under the proscription of Cal.
20  Bus. & Prof. Code § 16600. On the basis of those allegations, Plaintiffs contend they are similarly
21  situated to the plaintiffs in Advanced Bionics and Application Group, and, accordingly, Danisco can
22  properly seek declaratory relief under Cal. Code Civ. Proc. § 1060.

23  Defendant attempts to distinguish Advanced Bionics on the ground that the employee and
24  former employer in that case were the parties that destroyed complete diversity because both were
25  citizens of Minnesota. (Defendant Syngenta BioTechnology, Inc.'s Reply in Support of Motion to
26  Dismiss Danisco and to Stay Proceedings at 9, hereafter, "Reply," Docket Item No. 20.) However,

6

the fact that the employee was the non-diverse plaintiff instead of the new employer does not negate the import of Advanced Bionics to this case–that a new employer is entitled to pursue a declaratory judgment action against a former employer under Cal. Code Civ. Proc. § 1060 and Cal. Bus. & Prof. Code § 16600.

Defendant also distinguishes Application Group on the ground that the former employer in that case "made multiple threats of litigation" against the new employer, and therefore the former employer did not challenge the new employer's standing under Cal. Code Civ. Proc. § 1060. (Reply at 9 n.5.) However, the court in Application Group discussed the threats of litigation made by the former employer in the context of whether there was an "actual controversy" between the parties as required by Cal. Code Civ. Proc. § 1060. See Application Group, 61 Cal. App. 4th at 893. Here, the critical issue is whether Danisco is a "person interested under" the Agreement.[2] In addition, the court in Application Group, in addressing whether to apply California or Maryland law, found that "California has a correlative interest in protecting its employers and their employees from anti-competitive conduct by out-of-state employers []–including litigation based on a covenant not to compete to which the California employer is not a party–who would interfere with or restrict these freedoms." Application Group, 61 Cal. App. 4th at 901. Thus, new employers like Danisco are deemed "persons of interest" under Cal. Code. Civ. Proc. § 1060 not solely because of their employees' contract with former employers, but also because California generally discourages covenants not to compete.

In sum, the Court finds that there is at least "a non-fanciful possibility" that Danisco can state a claim under California law against Defendant. See Macey, 220 F. Supp. 2d at 1118. Under the fraudulent joinder doctrine, all ambiguities of controlling law must be interpreted in favor of the

---

[2] While there is no allegation that Defendant has sued or threatened legal action, the Court finds that Plaintiffs' allegation that Defendant is trying to "prevent Mr. LeFebvre from being employed at Danisco" is sufficient to establish that an actual controversy exists between Danisco and Defendant.

7

non-removing party. Thus, the Court finds Defendant has failed to prove that Danisco has been fraudulently joined due to a lack of standing under Cal. Code Civ. Proc. § 1060.

Accordingly, the Court GRANTS Plaintiffs' Motion to Remand. In light of this Order, Defendant's Motion to Dismiss is DENIED as moot.

**B.    Attorney Fees**

Plaintiffs move for attorney fees on the ground that Defendant lacked an objectively reasonable basis for removing this action. (Motion to Remand at 10.)

An order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). Courts may award attorney fees only where the removing party lacks an objectively reasonable basis for seeking removal. Id.

Here, the Court declines to award fees and costs since there is no evidence that the removal was made in bad faith.

### V.  CONCLUSION

The Court GRANTS Plaintiffs' Motion for Remand and DENIES Defendant's Motion to Dismiss and to Stay as moot.

The Clerk shall immediately remand this case to the Superior Court of California County of Santa Clara and close this file.

Dated:  December 15, 2008

JAMES WARE  
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

James W. Morando jmorando@fbm.com
Kimberly Irene Culp kculp@fenwick.com
Laura Cullen Roche lroche@fbm.com
Mary Elizabeth Milionis MMilionis@Fenwick.com
Rodger R. Cole rcole@fenwick.com

**Dated: December 15, 2008**                     **Richard W. Wieking, Clerk**

                                                   **By:   /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California